[No. 48-40461-2.   Division Two.   April 9, 1970.]

OREGON MUTUAL INSURANCE COMPANY, *Appellant,* v. TONY FONZO *et al., Respondents.*

*Robert Butler* and *Owen A. Johnson,* for appellant.

*Foster & Foster* and *Stanbery Foster,* for respondents.

ARMSTRONG, C. J.—The question presented in plaintiff's appeal is whether, under the terms of a driver's exclusion endorsement to a policy of automobile liability insurance, an automobile was "being operated by" an excluded driver who had parked the automobile in a parking area and left it with the motor running. Plaintiff insurance company sought to have this question answered in the affirmative in bringing a declaratory judgment action against defendants Cottrell (the insured) and Fonzo (the injured party). The trial court concluded, on the basis of stipulated facts as contained in the complaint of defendants Fonzo against defendants Cottrell, and the declaratory judgment complaint of plaintiff, that the question should be answered in the negative.

Initially, Tony Fonzo and his wife, Sylvia Fonzo, com-

menced an action against Mr. and Mrs. Rodney Cottrell and their minor son, Stephen Cottrell, for personal injuries sustained by Mrs. Fonzo. Plaintiff, Oregon Mutual Insurance Company, commenced a declaratory judgment action against the Fonzos and Cottrells, contending that plaintiff insurance company had no duty to defend the litigation in question and no obligation to pay any sum adjudged to be due defendants Fonzo for damages received in the accident referred to in the complaint of the Fonzos against the Cottrells. Plaintiff insurance company then moved for a summary judgment against defendants Fonzo and Cottrell. Defendants Fonzo moved for a summary judgment against plaintiff insurance company.

The motion for summary judgment of defendants Fonzo was granted and plaintiff's motion was denied. Plaintiff's complaint for declaratory judgment was dismissed.

We adopt and state below the court's findings of fact which were based on the stipulations of the parties.

1. That Rodney W. Cottrell and Jane Doe Cottrell, his wife, are the parents of Stephen D. Cottrell, a minor of the age of 17 years;

2. That Rodney W. Cottrell and Jane Doe Cottrell are the owners of an automobile upon which the plaintiff has issued a policy of liability insurance;

3. That there is attached to the said policy of liability insurance a "driver's exclusion endorsement," a copy of which is attached to the plaintiff's complaint herein, marked as Exhibit "A", which provides in part:

"All coverage shall not apply with respect to any claim arising from accidents which occur while any automobile is being operated by Stephen D. Cottrell."

4. That on the 11th day of March, 1966, Stephen D. Cottrell drove the said Cottrell automobile to the post office in Shelton, Washington; that he parked the said automobile in a parking area adjacent to the post office, alighted from the automobile, leaving the motor running, and went into the post office building. That at such time and place, the defendant Sylvia Fonzo was in the act of alighting from her automobile, also parked in the parking area adjacent to the post office, when it was struck by

the driverless Cottrell automobile, ~~then and there under the control of Stephen D. Cottrell.~~[1] That Sylvia Fonzo claims that she sustained injuries and damages as a result of the collision, . . .

The trial court concluded that the sole issue presented to the court by the motions for summary judgment was whether or not the Cottrell automobile was being operated by Stephen Cottrell at the time of the collision with the Fonzo automobile; that there was no ambiguity in the language of the endorsement; that at the time of the collision the Cottrell automobile was not "being operated by" Stephen Cottrell; and that the driver's exclusion endorsement did not apply to exclude coverage under the policy issued to defendants Cottrell by plaintiff.

Plaintiff makes three assignments of error in challenging the trial court's order and raises two issues. Plaintiff's first contention is that the trial court erred in refusing to find that the Cottrell automobile was under the control of Stephen Cottrell, the excluded driver, at the time of the collision. Fonzos' complaint for damages against Cottrells had included a statement that the automobile was under the control of Stephen Cottrell. Plaintiff argues that by stipulation the trial court was to accept all allegations in the complaints as true and that it was compelled to find as fact that the Cottrell automobile was under the control of Stephen Cottrell. The conclusion of the argument is that plaintiff is either entitled to this finding or the case should be remanded for the taking of evidence.

Defendant Fonzos' brief states that the wording in question was stricken by agreement of counsel before the order was presented to the court for signature. There is no indication in the record of who struck the words in question. We see no reason to determine which party was correct because the stricken phrase "then and there under the control of Stephen D. Cottrell" was not a finding of fact—it was a conclusion of law. The trial court would have been justified in striking it from its findings of fact and it would

---

[1] Stricken before signing by the court.

then be the function of the court to determine the conclusions of law.

Stephen Cottrell was in the post office when the Cottrell automobile ran into the Fonzo automobile—this was the controlling finding of fact. A conclusion that he was in control of the car would be contrary to that finding of fact.

Plaintiff insurance company next contends that the excluded driver, Stephen Cottrell, was operating the Cottrell automobile at the time it struck the automobile of Mrs. Fonzo, and therefore coverage under its policy issued to defendants Cottrell was specifically excluded. We see this as the primary issue presented on appeal. The trial court concluded that the Cottrell automobile was not being operated by Stephen Cottrell at the time of the accident and with this determination we agree.

Plaintiff cites as its principal authority *Horst v. Holtzen,* 249 Iowa 958, 90 N.W.2d 41 (1958), and the cases cited therein. *Horst* involved an interpretation of a host-guest statute. We do not consider this persuasive authority in interpreting the exclusionary clause of an insurance policy. The other cases cited in *Horst,* which were discussed in plaintiff's brief, also involved statutory interpretations which are not determinative of our question.

Plaintiff also cites *Mazikowski v. Central Mut. Ins. Co.,* 44 Tenn. App. 128, 134, 312 S.W.2d 867 (1958), which does involve a restrictive endorsement in an automobile liability policy. In that case the excluded driver got the car caught between two converging railroad tracks. He "turned on the lights dim, turned on the radio, and made himself comfortable in the parked vehicle" until one train would move and permit him to proceed. When that occurred he was caught between the trains and the automobile was demolished. The court held that he was operating the vehicle.

There is contrary authority on a similar factual situation. In *Commercial Ins. Co. v. Rogers,* 418 S.W.2d 584 (Tex. Civ. App. 1967), the court was interpreting an exclusionary clause and held that the insured automobile was not "being operated by" the excluded driver, where he had parked the

vehicle for 3 minutes and was simply sitting in the driver's seat behind the wheel when another vehicle struck the rear end of the insured vehicle.

We do not consider the fact situation in either the Tennessee or the Texas case to be controlling in our case, but we are in accord with the rationale of *Commercial Ins. Co. v. Rogers* when that court, quoting an earlier Texas case, stated at page 587 that "there is highly respectable authority, both in dictionary and in court decisions, to the effect . . . that operation means the actual handling of the machinery." The Texas court then held that since the automobile was not being operated by the excluded driver at the precise time it was struck by the third party there was not a material fact issue raised for the trier of the facts.

We have considered the cases cited in the parties' briefs as well as those cited in 51 Annot. A.L.R.2d 924 (1957). Many cases have interpreted the words "operate" and "being operated by". The holdings of those cases are based upon various fact patterns but no case involving an exclusionary clause in an automobile liability insurance policy fits the exact fact situation we have here. They do lead us to the conclusion that the better rule is stated in 7 J. Appleman, Insurance Law § 4314 (1962):

> The term "operation" is included within the insuring expressions of many older forms of policies, and runs throughout the arterial structure of automobile insurance law. The better definition of the expression is that it involves personal physical management of the automobile by the person in question.

██ In addition to a determination of what the term "being operated by" usually means, we must consider the rule that exclusionary clauses in an insurance policy are to be construed most strongly against the company writing the policy and in favor of the insured. *Dickson v. United States Fidelity & Guar. Co.*, 77 W.D.2d 795, 466 P.2d 515 (1970). If there is room for two constructions—one favorable to the insured and the other in favor of the insurer— we must adopt the construction favorable to the insured.

*Holter v. National Union Fire Ins. Co.*, 1 Wn. App. 46, 459 P.2d 61 (1969); *Brown v. Underwriters at Lloyd's*, 53 Wn.2d 142, 332 P.2d 228 (1958).

█ We conclude that in interpreting an exclusionary clause in an automobile liability policy providing that coverage shall not apply with reference to any claim arising from accidents which occur while any automobile is being operated by an excluded person, the exclusionary clause does not bar recovery unless the excluded person was in personal physical management of the automobile at the time of the accident.

The judgment is affirmed.

PEARSON and PETRIE, JJ., concur.

Petition for rehearing denied May 25, 1970.