## 61470. PARKER v. ATLANTA CASUALTY COMPANY.

DEEN, Presiding Judge.

Parker appeals from the grant of a summary judgment to the defendant whose insurance policy with Parker contained PIP, no-fault insurance protection. The conditions of the policy coincide with Code Chapter 56-3402b. The facts, as set forth in Parker's affidavit and subsequent deposition are as follows: Plaintiff was an employee of an automobile repair shop, and was asked to bring in an automobile from the lot outside in order that a stero might be installed. He drove the car into the building, some 100 feet or so, stopped it, cut off the switch, and stepped out. Upon exiting from the car he stepped on some wet grease and oil, slipped and fell, sustaining back injuries. He deposed that he had brought the car inside to put it in line to be worked on and as he got out he slipped on the grease on the floor, made wet by tracking in outside rain; that he just started to straighten up when his feet shot out from under him.

No-fault insurance covers accidental bodily injury while occupying a motor vehicle. Code § 56-3407b (a). As applied to this case accidental bodily injury means injury arising out of the operation, maintenance or use of the insured vehicle. Code § 56-3410b (a). Occupying the vehicle includes the act of alighting from it. Code § 56-3402b (i). However, Code § 56-3402b (h), which defines "operation, maintenance or use," expressly excludes such conduct "within the course of a business of repairing, servicing or otherwise maintaining motor vehicles" unless it also involves the "actual operation of a motor vehicle as a vehicle on business premises."

This car, when being driven from the outside yard to a point within the garage was being actually operated as a motor vehicle on business premises. When the plaintiff undertook to alight from it he was still occupying it. The question, then, in its narrowest aspect, is:

Was he, at the time he slipped and fell, still actually operating the vehicle *as a motor vehicle,* after he had shut off the motor and was in the act of leaving it? We can find no authority for so holding. In *Williams v. State,* 111 Ga. App. 588 (142 SE2d 409) (1965), it was pointed out that one may operate a vehicle without necessarily driving it as, for example, by sitting under a steering wheel and starting the motor. It ordinarily refers to the physical act of working the mechanism of the vehicle, manipulating the controls in order to move it, etc. 60 CJS 158, 160, Motor Vehicles, § 6(2). Where, after the driver alighted, the vehicle, although with motor off, so moved as to injure another person, the car was held not to be operated at the time. Marshall v. Safeguard Mut. Fire Ins. Co., 195 A2d 804; Oregon Mut. Ins. Co. v. Fonzo, 469 P2d 989. But when the driver temporarily alighted, leaving the motor running, and the vehicle injured a third person, it was held that this was during operation of the vehicle. Vesely v. Prestige Cas. Co., 281 NE2d 724. In all these cases the vehicle itself was the moving force causing injury; in other words, there was a zone of connection between what it did and the resulting accident. No such connection appears where the driver shut off the operating mechanism, alighted, and was injured by an unconnected event. Whether or not the plaintiff was occupying the vehicle (cf. Flores v. Dairyland County Mut. Ins. Co. of Texas, 595 SW2d 893 (1980)), he was not operating it within the meaning of the exclusionary phrase.

The trial court did not err in granting summary judgment to the defendant.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED FEBRUARY 16, 1981.

*William H. Hedrick,* for appellant.
*William C. Sanders,* for appellee.