67168. JONES v. CONTINENTAL INSURANCE COMPANY.

DEEN, Presiding Judge.

Mavis Jones, a Tupperware distributor, drove her automobile to Mrs. Edenfield's home to conduct a Tupperware party. When she arrived she parked her automobile in the driveway, turned off the ignition, unloaded her samples and carried them into Mrs. Edenfield's house. She took in her usual materials, but after approximately fifteen minutes, while setting up her display she

realized she had forgotten several items in the car. She returned to the car, unloaded the items, stepped backwards into a hole in the driveway and fractured her ankle. Her automobile insurance carrier denied her claim for no-fault benefits and she filed suit. Both parties moved for summary judgment based on the affidavit and deposition of the plaintiff. Jones appeals from the grant of summary judgment in favor of the insurance company and the denial of her motion. *Held:*

OCGA § 33-34-7 (a) (1) (Code Ann. § 56-3408b) provides for the payment of no-fault benefits for accidental bodily injury "while occupying any motor vehicle or while a pedestrian . . .","Accidental bodily injury" is defined in OCGA § 33-34-2 (1) (Code Ann. § 56-3402b) as "bodily injury . . . arising out of the operation, maintenance, or use of a motor vehicle which is accidental as to the person claiming basic no-fault benefits." OCGA § 33-34-2 (9) (Code Ann. § 56-3402b) defines "operation, maintenance, or use" of the motor vehicle as "operation, maintenance or use of a motor vehicle as a vehicle. The term does not include . . . conduct in the course of loading and unloading the vehicle unless the conduct occurs while occupying it." OCGA § 33-34-2 (8) (Code Ann. § 56-3402b) defines "occupying" as "to be in or upon a motor vehicle or engaged in the immediate act of entering into or alighting from the motor vehicle."

As it is undisputed that Mrs. Jones' injuries were sustained while she was unloading her automobile, the sole issue to be determined is whether her injuries resulted from the use of the vehicle within the meaning of the no-fault law.

In *Hartford Accident &c. Co. v. Booker,* 140 Ga. App. 3 (230 SE2d 70) (1976), this court found that "use" cannot be exactly defined but does extend beyond mere physical contact to a point where control over the vehicle is reasonably at hand, especially while the vehicle is being utilized. See also *Southeastern Fidelity Ins. Co. v. Stevens,* 142 Ga. App. 562, 564 (236 SE2d 550) (1977) for an extensive discussion of what constitutes "use" of a motor vehicle. In the *Booker* case the plaintiff was found to be using a garbage truck within the meaning of the statute because he was collecting garbage, an activity which required frequent repeated contact with the vehicle. In *Parker v. Atlanta Cas. Co.,* 157 Ga. App. 539, 540 (278 SE2d 119) (1981) this court found that there is no connection between the vehicle and the resulting injury where the driver shuts off the motor, alights from the vehicle and is injured by an unconnected event. In *Clinton v. Nat. Indem. Co.,* 153 Ga. App. 491, 493 (265 SE2d 841) (1980), the firetruck was found to be used as a motor vehicle, but not to be occupied by the plaintiff who was injured while using a fire hose connected to the truck, because "such accidental injury must have been sustained either while the plaintiff was occupying the motor

vehicle or while, as a pedestrian, he was struck by it."

In the instant case, the plaintiff had ceased using her motor vehicle as a vehicle and, after a fifteen minute absence, had returned to retrieve some forgotten items. When she was injured she was not occupying it within the codal definition as she was not injured while in or on the vehicle or while alighting from it but rather was unloading it. This activity is excluded by statute. Her argument that her use is consistent with that in the *Booker* case is without merit as her only contact with the vehicle after she parked it and went into Mrs. Edenfield's home was the single act of retrieving some forgotten items.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED NOVEMBER 30, 1983.

*Bruce A. Howe, Thomas M. Hunter,* for appellant.
*Darlene Y. Ross,* for appellee.