69262. COLE et al. v. ALLSTATE INSURANCE COMPANY.
(326 SE2d 817)

CARLEY, Judge.

On July 13, 1984, Barbara Yarborough was driving a pickup truck which was owned by her father, appellant Cole. Her common-law husband, appellant Johnson, and her daughter, Edna Cole, were passengers. The pickup truck developed engine problems, and Ms. Yarborough pulled the truck into the emergency lane of the highway. Johnson exited the truck and attempted to repair the engine. A few minutes later, Johnson asked Ms. Yarborough to bring him a pair of pliers. Both Ms. Yarborough and Edna Cole got out of the truck. Ms. Yarborough handed Johnson the pliers and she and Edna Cole then stood behind Johnson. Several minutes later, a van traveling on the highway left the road and struck the pickup truck, Ms. Yarborough and Edna Cole. Ms. Yarborough and Edna Cole were killed instantly.

At the time of the collision, the pickup truck was covered by an insurance policy issued to appellant Cole by appellee-defendant insurer. Appellant Cole made a claim under the no-fault provisions of the policy for the burial expenses of both Ms. Yarborough and Edna Cole. Johnson made a claim for survivor's benefits under the no-fault provisions of the same policy. When appellee denied coverage, appellants initiated the instant litigation, seeking burial expenses and survivor's benefits, along with bad faith penalties and attorney fees. Appellee subsequently agreed to pay burial expenses for Edna Cole only. Appellee filed a motion for summary judgment. The trial court granted appellee's motion and appellants appeal.

The trial court granted summary judgment in favor of appellee based on its finding that Ms. Yarborough's "death did not 'arise out of the operation, maintenance or use of a motor vehicle' insured by

[appellee]." Appellants assert that this finding was erroneous, and that the trial court erred in granting summary judgment in favor of appellee.

Under OCGA § 33-34-7 (a) (2), the general language of which is tracked in the insurance policy involved, no-fault benefits are afforded for economic loss resulting from an *"[a]ccidental bodily injury* sustained by any other person while *occupying* the owner's motor vehicle . . . ." (Emphasis supplied.) "Accidental bodily injury" is defined, in pertinent part, as "death . . . arising out of the operation, maintenance, or use of a motor vehicle . . . ." OCGA § 33-34-2 (1). "'Occupying' means to be in or upon a motor vehicle or engaged in the immediate act of entering into or alighting from the motor vehicle." OCGA § 33-34-2 (8). Thus, even if Ms. Yarborough's death *did* arise out of the operation, maintenance or use of a motor vehicle, she also must have been *occupying* the pickup truck at the time of her death to have been an "insured" under the Georgia Motor Vehicle Accident Reparations Act. *Ga. Farm Bureau Mut. Ins. Co. v. Jones*, 172 Ga. App. 164 (322 SE2d 296) (1984). *Kelley v. Integon Indem. Corp.*, 253 Ga. 269 (320 SE2d 526) (1984).

It is undisputed that, at the time of the collision, Ms. Yarborough was standing three or four feet behind appellant Johnson, who was, in turn, leaning over the front of the truck. Accordingly, Ms. Yarborough clearly was neither "in or upon" the pickup truck nor "engaged in the immediate act of entering into or alighting from the motor vehicle." Although Ms. Yarborough had earlier "occupied" the pickup truck, she had "clearly abandoned [her] prior occupancy of the vehicle," when, after alighting from the truck, she stood for several minutes some distance from the vehicle. *Ga. Farm Bureau Mut. Ins. Co. v. Jones*, supra at 166. "Unless the word 'upon' were given an unduly broad construction, the deceased was not 'occupying' the motor vehicle but was a 'pedestrian' as defined by the act. However, the deceased was not 'struck' by the insured vehicle." *Kelley v. Integon Indem. Corp.*, supra at 271. See also *Ga. Farm Bureau Mut. Ins. Co. v. Jones*, supra; *Clinton v. Nat. Indem. Co.*, 153 Ga. App. 491 (265 SE2d 841) (1980); *Jones v. Continental Ins. Co.*, 169 Ga. App. 153 (312 SE2d 173) (1983).

Based upon the foregoing, we find that the trial court correctly granted summary judgment in favor of appellee.

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED FEBRUARY 8, 1985.

*Gerald S. Mullis, Julius A. Powell, Jr.*, for appellants.

*Thomas C. James III*, for appellee.