## 69610. TRANSUS, INC. v. GARRETT.
(326 SE2d 852)

McMurray, Presiding Judge.

Plaintiff Garrett filed this action for no-fault insurance benefits against defendant Transus, Inc., a self-insured entity. Subsequently, plaintiff's "motion for declaratory judgment" was ruled upon by the trial court in which the court determined that plaintiff, who was injured while unloading defendant's truck, "was 'occupying' the truck within the meaning of OCGA [§] 33-34-2 (8) . . . and that, therefore, plaintiff did have sufficient connection with the truck to entitle plaintiff to no-fault benefits." This court granted defendant's application for an interlocutory appeal. *Held*:

Defendant was making a delivery of a 55-gallon drum of chemicals to plaintiff. While aiding defendant's driver in unloading the drum from defendant's truck, plaintiff was injured. Plaintiff testified that he was standing on the ground, and was not and had never been on the truck.

Plaintiff seeks to recover no-fault benefits under the provisions of OCGA § 33-34-7 (a) (2) which provides benefits for economic loss resulting from "[a]ccidental bodily injury sustained by any other person while *occupying* the owner's motor vehicle . . ." (Emphasis supplied.) " 'Occupying' means to be in or upon a motor vehicle or engaged in the immediate act of entering into or alighting from the motor vehicle." OCGA § 33-34-2 (8). Applying the codal definition to the facts of the case sub judice we must conclude that plaintiff was not "occupying" defendant's truck. *Jones v. Continental Ins. Co.*, 169 Ga. App. 153 (312 SE2d 173). The trial court erred in ruling that plaintiff is entitled to collect no-fault benefits from defendant.

*Judgment reversed. Deen, P. J., and Sognier, J., concur.*

DECIDED FEBRUARY 15, 1985.

*Charles E. Walker, Robert P. White*, for appellant.
*D. Duston Tapley, Jr.*, for appellee.