## 71112. REYNOLDS v. TRANSPORT INSURANCE COMPANY.

(343 SE2d 502)

BEASLEY, Judge.

Appellee Transport Insurance Company filed an action for declaratory judgment in connection with a claim for basic no-fault benefits made by appellant Reynolds under a policy of insurance issued to Reynolds' employer, Motor Convoy, Inc. This appeal arises from the trial court's grant of insurer's motion for summary judgment.

In order to be entitled to summary judgment, the insurer in this declaratory judgment action must show that as a matter of law, the facts established show that it is entitled to judgment. OCGA § 9-11-56; *Jones v. Barnes*, 170 Ga. App. 762, 764 (318 SE2d 164) (1984). The opposing party must be given the benefit of all reasonable doubts and all favorable inferences. *Davis v. Dickson*, 232 Ga. 338, 339 (206 SE2d 473) (1974). Thus, the question is whether the facts displayed at this juncture establish as a matter of law that the claimant cannot recover on the policy for the reason that the circumstances in which he was injured are not covered.

The facts are essentially without dispute. Reynolds was involved in an on-the-job accident in Atlanta on December 7, 1982, while employed by Motor Convoy. He was securing a load of automobiles onto his employer's trailer. While loading the last automobile on the trailer, Reynolds noticed that the bumper guard of the automobile extended past the end of the trailer after it had been secured to the trailer by chains. He intended to reposition the automobile so that its bumper guard would not extend beyond the end of the trailer so as to prevent the trailer from being over length. In order to do so, Reynolds was required to loosen all four chains with which he had previously secured the automobile to the trailer. Thereafter, he planned to get into the automobile, drive it backward further into the trailer and then retighten all four chains. He did not consider the loading operation with respect to this last automobile complete until he had had an opportunity to reposition said automobile.

Reynolds used a ratchet bar in this process. The ratchet, which was holding the chains taut, is affixed to the trailer. The ratchet bar, which is a leverage bar similar to a jack handle and is designed to fit into holes in the ratchet for tightening and loosening purposes, is it-

self not permanently affixed but is necessary equipment to operate the ratchet. Although the chains were not permanently affixed to the trailer, they too were part of the necessary equipment and were kept near or on the ratchets to be used for securing the automobiles, the transportation of which was the purpose of the trailer.

Reynolds testified without dispute that the ratchet bar was in the ratchet and he had to hold the ratchet latch back with his right hand in order to loosen the last chain while he worked the inserted ratchet bar with his left hand. He was standing parallel to the side of the trailer with both of his feet on the ground and with the upper part of his body bent to a 45-degree angle toward the inside of the trailer. He actually had his head inside the trailer at the time. Because the chain "was a binding or something" he had to push with the bar, and the weight of the car on the chain jerked the ratchet bar and it struck him in his left eye.

Thus, both hands were on the trailer in its then state and he was working with its equipment, inferably bearing down or at an angle with some of his weight, but the greater weight of the car overcame his and the ratchet handle flew up as he was bending over the mechanism into the trailer. He had to reach in to accomplish this task. As he put it, he was "attached to the bar (with his left hand) and also attached to the latch. I didn't release it. I couldn't release the latch, because if I had, the bar would have never come loose, because the latch would have been — I had to hold the latch open." His view was, "I wasn't in the trailer. But I was attached to the trailer."

As pertinent here, no-fault benefits are recoverable for accidental bodily injury sustained by a person other than the named insured, such as appellant here, "while occupying the owner's motor vehicle . . . OCGA § 33-34-7 (a) (2).[1] " 'Accidental bodily injury' means bodily injury . . . arising out of the operation, maintenance, or use of a motor vehicle . . . ," OCGA § 33-34-2 (1), ". . . as a vehicle; [it] . . . does not include . . . conduct in the course of loading and unloading the vehicle unless the conduct occurs while occupying it." OCGA § 33-34-2 (9).

The question is whether this scenario shows as a matter of law that he was not "occupying" the vehicle according to the statutory definition of occupying, which includes ". . . to be in or upon a motor vehicle . . ." OCGA § 33-34-2 (8). Although the legislature defined the term, the definition itself requires construction, and there have been many cases interpreting various portions of the definition. *Clinton v. Nat. Indem. Co.*, 153 Ga. App. 491, 493 (3) (265 SE2d 841) (1980); *Crook v. State*, 156 Ga. App. 756, 758 (275 SE2d 794) (1980);

---

[1] "Motor vehicle" includes the subject trailer. OCGA § 33-34-2 (6).

*Parker v. Atlanta Cas. Co.*, 157 Ga. App. 539 (278 SE2d 119) (1981); *Jones v. Continental Ins. Co.*, 169 Ga. App. 153 (312 SE2d 173) (1983); *Ga. Farm Bureau Mut. Ins. Co. v. Jones*, 172 Ga. App. 164, 166 (2) (322 SE2d 296) (1984); *Partridge v. Southeastern Fidelity Ins. Co.*, 172 Ga. App. 466, 467 (323 SE2d 676) (1984); *Cole v. Allstate Ins. Co.*, 173 Ga. App. 454 (326 SE2d 817) (1985); *Transus, Inc. v. Garrett*, 173 Ga. App. 498 (326 SE2d 852) (1985); *Crosby v. Ga. Cas. &c. Co.*, 173 Ga. App. 644 (327 SE2d 505) (1985); *Camper v. Shelby Mut. Ins. Co.*, 175 Ga. App. 169 (332 SE2d 923) (1985); *State Farm Mut. Ins. Co. v. Holmes*, 175 Ga. App. 655 (333 SE2d 917) (1985); *Kelley v. Integon Indemn. Corp.*, 253 Ga. 269 (320 SE2d 526) (1984).

We are concerned with whether as a matter of law Reynolds was not "in or upon a motor vehicle" in the contemplation of the General Assembly. OCGA § 33-34-2 (8). The parties agree that this is part of the policy, although the document is not in the record.

There has been some construction of that part of the definition by the Georgia courts. See *Cole v. Allstate Ins. Co.*, supra; *Transus, Inc. v. Garrett*, supra; *Kelley v. Integon*, supra. These cases, however, do not easily resolve the issue, because there is no distinguishable factor or factors which control how far "in" or how far "upon" a motor vehicle one must be in order to be viewed in law as occupying it. The legislature did not specify that a person's body had to be totally in or upon the vehicle, nor did it state that if any part of a person's body was "in" or "upon" the vehicle, it would constitute occupying.

Here, part of the claimant's body was "in" the vehicle, as he was leaning into the trailer with the top part of his body at a 45-degree angle, and both hands were "upon" the vehicle's equipment. Some force was being exerted on this equipment, and thus some of claimant's weight was being supported by the vehicle. What he was doing, and where he was situated in relation to the vehicle, was not incidental to the vehicle but wholly related to it and its use.

The law favors coverage, as that is the intent of purchasing insurance in the first place. *James v. Pa. Gen. Ins. Co.*, 167 Ga. App. 427, 431 (306 SE2d 422) (1983). Thus, statutory terms have been liberally or broadly construed so as to provide coverage. *Vansant v. Allstate Ins. Co.*, 142 Ga. App. 684, 686 (236 SE2d 858) (1977). The purpose of the contract and of the statutes which affect it is to insure people against the risks of harm arising out of the "operation, maintenance, or use of a motor vehicle." OCGA § 33-34-2 (9).

The claimant was totally engaged in the use of the vehicle as he was absorbed in preparing the vehicle for transport of automobiles and adjusting them on the vehicle so that his load would pass state inspection down the road. He was injured in that operation by a piece of equipment necessarily in use to allow the permanently-attached

piece of equipment to function, so that the vehicle could serve its intended purpose.

The term "occupying" must have the same meaning in all circumstances, when it is applied to different fact situations. First, the legislature did not provide for a more restrictive meaning of that term when it is used in connection with the limited "loading or unloading" coverage.

Second, the term "occupying" should not have a different meaning, to be fashioned on a case-by-case basis, else every case needs appellate construction. The court has been liberal in construing the term "occupying." See, e.g., *Camper v. Shelby Mut. Ins. Co.*, supra; *State Farm &c. Ins. Co. v. Holmes*, supra; *Partridge v. Southeastern Fidelity Ins. Co.*, supra. Since it has been determined that the legislature intends coverage, and ordinary terms should be given ordinary meaning[2] we construe "in or upon" to cover situations where part of a person's body is inside the vehicle *and* part is upon the vehicle. He would then be "occupying" the vehicle as he would be involved with its confines and at the same time in some tangible way connected to it directly and to some degree physically supported by the vehicle, weightwise. It is this location and the activity related to it for which motor vehicle accident insurance is intended to provide coverage.

Applying this rationale, which we perceive to be consistent with the general policy to construe the insurance code reasonably to effect its spirit, we reverse the grant of summary judgment to insurer and reverse the denial of partial summary judgment to the claimant.

*Judgment reversed. Banke, C. J., Deen, P. J., McMurray, P. J., and Carley, J., concur. Birdsong, P. J., Sognier, Pope and Benham, JJ., dissent.*

POPE, Judge, dissenting.

The dispute here centers upon the interpretation to be given a certain provision of the Georgia Motor Vehicle Accident Reparations Act, OCGA § 33-34-1 et seq. The provision in question is OCGA § 33-34-2 (8) which defines "occupying" as "to be in or upon a motor vehicle or engaged in the immediate act of entering into or alighting from the motor vehicle."

As is pertinent here, no-fault benefits are recoverable for accidental bodily injury sustained by a person other than the named insured, such as appellant here, "while occupying the owner's motor vehicle if the accident occurs within the United States of America . . . [or] . . . as a result of being struck by the owner's motor vehicle while a pedestrian in this state." OCGA § 33-34-7 (a) (2) and (3). "Motor vehicle"

---

[2] *Sheffield v. Cotton States Mut. Ins. Co.*, 141 Ga. App. 861, 863 (234 SE2d 695) (1977); *Ga. Farm Bureau Mut. Ins. Co. v. Jones*, supra.

includes the subject trailer here. OCGA § 33-34-2 (6). " 'Accidental bodily injury' means bodily injury . . . arising out of the operation, maintenance, or use of a motor vehicle. . . ." OCGA § 33-34-2 (1). " 'Operation, maintenance, or use of a motor vehicle' means operation, maintenance, or use of a motor vehicle as a vehicle [and] . . . does not include . . . conduct in the course of loading and unloading the vehicle unless the conduct occurs while occupying it." OCGA § 33-34-2 (9).

Appellant does not argue on appeal that he was a pedestrian at the time of his injury so as to be entitled to no-fault benefits under the statute. Accordingly, the discussion here is limited to whether, under the facts in this case, he was occupying the vehicle so as to be entitled to benefits as the result of his injury. As noted above, occupying a motor vehicle for no-fault purposes means "to be in or upon a motor vehicle or engaged in the immediate act of entering into or alighting from the motor vehicle." Appellant does not contend that he was either about to enter into or alight from the trailer. Rather, he premises his right to recover benefits on the fact that his right hand was engaged in holding open the ratchet latch which was a part of the trailer and that the upper part of his body was bent so that his head was "inside" the trailer; thus, he argues, he was "occupying" the motor vehicle within the meaning of the statute.

The situation in this case is substantially the same as that in *Transus, Inc. v. Garrett*, 173 Ga. App. 498 (326 SE2d 852) (1985). In that case Transus was making a delivery of a 55-gallon drum of chemicals to Garrett. Garrett was injured while aiding Transus' driver in unloading from its truck. Garrett testified that he was standing on the ground and had never been on the truck. This court held that Garrett was thus not occupying the truck so as to be entitled to the payment of no-fault benefits from Transus. While in the case at bar a part of appellant's body was within the air space of the trailer's structure and he also was holding onto a portion of the trailer, these facts establish only that appellant was in physical contact with the motor vehicle itself, not that he was "in or upon" and thus "occupying" the vehicle at the time of his injury. Accord *Ferguson v. Aetna Cas. &c. Co.*, 369 SW2d 844 (Tex. Civ. App. 1963). See *Kelley v. Integon Indem. Corp.*, 253 Ga. 269 (320 SE2d 526) (1984); *Clinton v. Nat. Indem. Co.*, 153 Ga. App. 491 (2) (265 SE2d 841) (1980). Compare *Leverette v. Aetna Cas. &c. Co.*, 157 Ga. App. 175 (276 SE2d 859) (1981). In my view the trial court did not err in granting appellee's motion for summary judgment, thus denying appellant any recovery of no-fault benefits for his injury. See *Jones v. Continental Ins. Co.*, 169 Ga. App. 153 (312 SE2d 173) (1983). See also *Cole v. Allstate Ins. Co.*, 173 Ga. App. 454 (326 SE2d 817) (1985); *Ga. Farm Bur. Mut. Ins. Co. v. Jones*, 172 Ga. App. 164 (2) (322 SE2d 296) (1984).

I am authorized to state that Presiding Judge Birdsong, Judge Sognier and Judge Benham concur in this dissent.

DECIDED MARCH 12, 1986 —
REHEARING DENIED APRIL 1, 1986 — 

*William L. Skinner*, for appellant.
*Michael T. Thornton*, for appellee.