**Curtis R. BREHM, Appellant,**

v.

**ILLINOIS FARMERS INSURANCE COMPANY, Respondent.**

No. C8–86–616.

Court of Appeals of Minnesota.

July 22, 1986.

Randall T. Skaar, Skaar & McCullough, Minneapolis, for appellant.

David M. Bolt, Rider, Bennett, Egan & Arundel, Minneapolis, for respondent.

Considered and decided by FORSBERG, P.J., and FOLEY and RANDALL, JJ., with oral argument waived.

## OPINION

RANDALL, Judge.

Curtis R. Brehm appeals from summary judgment entered in favor of respondent Illinois Farmers Insurance Company. The trial court granted summary judgment on the grounds that respondent is not required to pay no-fault benefits to appellant because appellant's injuries did not arise out of the maintenance or use of a motor vehicle. We reverse and remand for trial on the issue of damages.

## FACTS

In May of 1983, appellant and his family left their home in Mayer to spend a weekend camping in northern Minnesota. Appellant was driving his 1976 Ford pickup. On the way, they stopped for gas at a service station in Monticello. After filling the truck's tank, appellant began washing the truck's windows. He first washed the side windows on the driver's side and the driver's half of the windshield. He then began walking around the front of the vehicle in order to wash the windows on the passenger side. While walking around the front of the truck, he slipped and fell on a pool of oil. He alleges that he struck his head on the truck's bumper, was knocked unconscious, and injured his knee against either the pavement or the truck.

Appellant submitted his bills for medical expenses, lost wages, and transportation to Illinois Farmers, his no-fault carrier. Respondent denied coverage. Appellant sued the service station and settled for all damages, less those compensable under the no-fault act. Appellant then sued respondent for the no-fault benefits. The arbitrator awarded appellant $4,347.92, the full amount of no-fault benefits sought, plus interest. Respondent requested a trial. The parties cross moved for summary judgment. The trial court granted respondent's motion; Brehm appeals.

## ISSUES

1. Did appellant's injuries arise out of the maintenance or use of a motor vehicle as defined in Minn.Stat. § 65B.43, subd. 3 (1984)?

2. Is appellant entitled to summary judgment on the issue of damages?

## ANALYSIS

### I.

*Maintenance or use*

Under the No-Fault Act, economic loss benefits are recoverable for any loss rising out of the "maintenance or use" of a motor vehicle. "Maintenance or use" is defined as

> *maintenance* or use of a motor vehicle as a vehicle, including, *incident to its maintenance* or use as a vehicle, occupying, entering into, and alighting from it.

Minn.Stat. § 65B.43, subd. 3 (1984) (emphasis added).

For coverage to exist, there must be a causal connection between the injury and the maintenance or use of the vehicle for transportation purposes. *Waseca Mutual Insurance Co. v. Noska,* 331 N.W.2d 917, 920 (Minn.1983). This causal connection is "something less than proximate cause in the tort sense and something more than the vehicle being the mere situs of the injury." *Tlougan v. Auto-Owners Insur-*

*ance Co.*, 310 N.W.2d 116, 117 (Minn.1981). Furthermore, "the vehicle itself must be an *active* accessory" to the injury. *Holm v. Mutual Service Casualty Insurance Co.*, 261 N.W.2d 598, 603 (Minn.1977) (citation omitted) (emphasis in original).

 Most of the reported cases involve the "use" of the motor vehicle. *The statute gives equal status to the word "maintenance."* Refueling and washing windows constitute maintenance within the plain meaning of the statute. Maintenance of a motor vehicle, by definition, ranges from such simple tasks as refueling or checking the oil through major servicing or overhaul. Slipping on a patch of motor oil while washing or refueling is a risk reasonably contemplated when conducting maintenance on a vehicle at a self-serve gas station.[1] It is a risk associated with motoring. *See Classified Insurance Corp. v. Vodinelich*, 368 N.W.2d 921, 923 (Minn.1985).

In this case, the vehicle was more than the mere situs of the injury. Maintenance of the vehicle was a direct and substantial cause of Brehm's fall. The vehicle was an active accessory to the injury. Because this accident arose out of the maintenance of a motor vehicle, we reverse the trial court's entry of summary judgment in favor of respondent.

## II.

### Damages

Appellant alleges on appeal that there is no genuine issue of material fact regarding damages, thus he is entitled to summary judgment on the issue of damages. However, Minn.R.Civ.P. 56.03 provides in part:

> A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

The trial court's order granting summary judgment in favor of respondent was based on the issue of liability alone. The record does not affirmatively indicate that the parties agree on the amount of damages. The fact that respondent did not submit opposing affidavits on damages while challenging coverage does not necessarily mean that the amount of damages will not be in dispute on remand.

### DECISION

Appellant's injury arose out of the maintenance of his motor vehicle. We reverse the trial court's entry of summary judgment, and remand for trial on the issue of damages.

Reversed and remanded.

1. *Cf. Barry v. Illinois Farmers Insurance Co.*, 386 N.W.2d 299 (Minn.Ct.App.1986), *pet. for rev. filed* (Minn. May 30, 1986) (injury sustained by driver when she temporarily left car to close garage door behind her, and slipped and fell on ice, arose out of "use" of car as a motor vehicle);

*Petrick v. Transport Insurance Co.*, 343 N.W.2d 876 (Minn.Ct.App.1984) (injury sustained by truck driver when he slipped on oil on trailer floor while unloading truck resulted from "use" of truck as a motor vehicle).