**Rodger K. MARKLUND, Appellant,**

v.

**FARM BUREAU MUTUAL INSURANCE COMPANY, Respondent.**

**No. C1-86-456.**

Court of Appeals of Minnesota.

July 29, 1986.

Review Granted Sept. 24, 1986.

that appellant Marklund's injuries did not arise out of the maintenance or use of a motor vehicle. We reverse and remand.

## FACTS

Marklund stopped his car between the pumps and entrance to a service station. He filled the tank and proceeded to walk around the back of his car towards the passenger side to get a check from his wife.

He slipped and fell about three feet from the car on a mound of ice that had formed in the drive-thru area between the pumps and the service station as a result of dripping water from a canopy over the pumps. At no time did he come into contact with his car.

Marklund broke his hip and applied for no-fault benefits from Farm Bureau Mutual which denied coverage. Marklund commenced this declaratory judgment action and the trial court granted summary judgment in favor of Farm Bureau Mutual concluding that there was no relationship between the use or maintenance of the car and Marklund's injury. The trial court concluded this was a slip and fall, not an automobile accident. The court also noted that the act of maintenance in filling a gas tank was completed prior to the fall. Marklund appeals.

## ISSUE

Did Rodger Marklund's injuries arise out of the maintenance or use of a motor vehicle within the meaning of the Minnesota No-Fault Act, thus entitling him to no-fault benefits?

## ANALYSIS

*Standard of Review*

The function of a court reviewing a summary judgment is to determine whether there are any genuine issues of material fact for trial, and whether the trial court erred in its application of the law. *Betlach v. Wayzata Condominium*, 281 N.W.2d 328, 330 (Minn.1979) (citation omitted).

Charles H. LeDuc, II, International Falls, for appellant.

Richard C. Mollin, Jr., International Falls, for respondent.

Considered and decided by CRIPPEN, P.J., and LESLIE, and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

NIERENGARTEN, Judge.

The trial court granted summary judgment to Farm Bureau Mutual Insurance Company (Farm Bureau Mutual) in this declaratory judgment action on the ground

*Maintenance or Use*

Under the no-fault act, basic economic loss benefits are recoverable for any "injury arising out of maintenance or use of a motor vehicle." Minn.Stat. § 65B.46, subd. 1 (1984). "Maintenance or use of a motor vehicle" is defined as "maintenance or use of a motor vehicle as a vehicle, including, incident to its maintenance or use as a vehicle, occupying, entering into, and alighting from it." *Id.* § 65B.43, subd. 3.

In order for an injury to arise out of the maintenance or use of a motor vehicle, there must be some causal connection between the injury and the use of the vehicle for transportation purposes. *North River Insurance Co. v. Dairyland Insurance Co.*, 346 N.W.2d 109, 114 (Minn.1984) (citing *Waseca Mutual Insurance Co. v. Noska*, 331 N.W.2d 917, 920 (Minn.1983)). The requisite causal connection is something less than proximate cause in the tort sense but something more than the vehicle being the mere situs of the injury. *Tlougan v. Auto-Owners Insurance Co.*, 310 N.W.2d 116, 117 (Minn.1981). The causal relationship is established if "the injury is a natural and reasonable incident or consequence of the use of the vehicle." *Id.* (citations omitted). The vehicle itself must be an "*active* accessory" to the injury sustained. *Holm v. Mutual Service Casualty Insurance Co.*, 261 N.W.2d 598, 603 (Minn.1977) (emphasis in the original).

Marklund contends he was engaged in an integral part of the process of fueling his car when he walked around the car to get a check with which to pay, concluding that putting gas in a car and then paying for it is fundamental to the maintenance of a motor vehicle.

Farm Bureau Mutual contends Marklund's vehicle served only to transport him to the scene of the injury but played no role in the injuries, being merely the situs of the injury.

Farm Bureau Mutual also argues that the injury was not a reasonable incident or consequence of the maintenance or use of the vehicle; Marklund's car was not an active accessory; and there is no reasonably apparent connection between the use or maintenance of the vehicle and Marklund's injury. On this basis, Farm Bureau Mutual concludes that Marklund's injury is unrelated to any maintenance or use of his car, but instead was caused by a slip and fall that occurred three feet from the vehicle.

While most of the reported cases involve the "use" of a motor vehicle, the statute gives equal status to the word "maintenance." *Brehm v. Illinois Farmers Insurance Co.*, 390 N.W.2d 475, 477 (Minn.Ct. App.1986).

When Marklund slipped, he was in the process of completing the gassing operation, which constitutes part of the car's overall maintenance. In *Barry v. Illinois Farmers Insurance Co.*, 386 N.W.2d 299 (Minn.Ct.App.1986), we determined that injuries sustained as a result of slipping on ice while returning to a running car after closing the garage door clearly arose out of the use or maintenance of a car. *See Barry*, at 301. In *Brehm* we held that injuries received from a slip on a patch of oil at a gas station while washing windows and refueling constitutes maintenance within the meaning of the no-fault statute. *See Brehm*, at 477. Here the necessity of maintaining the car by refueling was a direct and substantial cause of Marklund's fall.

## DECISION

Because this accident arose out of the maintenance of Marklund's car, we reverse the trial court's entry of summary judgment in favor of Farm Bureau Mutual.

Reversed and remanded.