## 76603. COLE v. NEW HAMPSHIRE INSURANCE COMPANY.
(373 SE2d 36)

BIRDSONG, Chief Judge.

This is an action brought by an insurer to have it declared whether its insured Barbara Cole is entitled under her "no-fault" auto insurance to recover for injuries sustained outside the car at a gasoline station.

It is agreed, and the trial court found, that Ms. Cole had pumped gas in her car, entered the station and paid the attendant, and was returning to her car, walking around the right front of the car when she slipped and fell, striking her left arm on the right front fender and her left knee on the pavement and breaking her kneecap.

The trial court rendered summary judgment for the plaintiff insurer and denied summary judgment to the defendant Cole. On appeal, Ms. Cole contends she is entitled to coverage pursuant to OCGA §§ 33-34-7 and 33-34-2 (1) (5) (8) and (9) concerning payment of no-fault benefits, and under coverage of her insurance policy, which closely tracks the language of the statutes. *Held*:

OCGA § 33-34-7 provides: "Payment of no-fault benefits. (a) The insurer of a motor vehicle . . . shall pay basic no-fault benefits without regard to fault for economic loss resulting from: . . . (1) *Accidental bodily injury* sustained . . . by the insured . . . while *occupying* any motor vehicle or while a *pedestrian as the result of being struck* by a motor vehicle. . . ." (Emphasis supplied.)

OCGA § 33-34-2 as pertinent to this case defines the qualifying terms as follows: "(1) 'Accidental bodily injury' means bodily injury . . . arising out of the operation, maintenance, or use of a motor vehicle. . . . (8) 'Occupying' means to be in *or upon* a motor vehicle or engaged in the *immediate* act of entering into or alighting from the motor vehicle. . . . (9) 'Operation, maintenance, or use of a motor vehicle' means operation, *maintenance*, or use of a motor vehicle *as a vehicle*. . . . (11) 'Pedestrian' means any person not occupying a motor vehicle. . . ." (Emphasis supplied.)

The appellant Cole contends she may recover for these injuries, as they are accidental bodily injury "arising out of the operation, *maintenance* or use of a motor vehicle" (§ 33-34-2 (1)), "while *occupying* [the] motor vehicle or while a *pedestrian as the result of being struck* by a motor vehicle." (Emphasis supplied.) OCGA § 33-34-7 (a)

(1). She argues that if she was not a "pedestrian" who was "struck" by the vehicle, then she was "occupying" the vehicle by being *"upon"* the motor vehicle, or, especially, by being *"engaged in the immediate act of entering into or alighting"* from it. OCGA·§ 33-34-2 (8).

In particular, she contends the word "struck" in § 33-34-7 (a) (1) denotes merely a movement or force resulting in a physical impact (see *Johnson v. Nat. Union Fire Ins. Co.*, 177 Ga. App. 204 (338 SE2d 687)); or, she contends, her injury arose out of the *"maintenance or use* of a motor vehicle *as a vehicle,"* (emphasis supplied) (§ 33-34-2 (9)), according to the persuasion of two Minnesota cases, *Marklund v. Farm Bureau Mut. Ins. Co.*, 391 NW2d 65; and *Barry v. Ill. Farmers Ins. Co.*, 386 NW2d 299. In the former case, *Marklund,* the insured slipped and fell while he was engaged in putting gasoline in his car (as an integral process fundamental to the maintenance of a motor vehicle), and there was not even any physical impact with the car as there was in this case.

There are a number of Georgia cases construing these code sections and the coverage of no-fault insurance in particular circumstances. See *Kelley v. Integon Indem. Corp.*, 253 Ga. 269 (320 SE2d 526) which surveys several cases in response to a certified question by the federal court of appeals. *Kelley* expresses a few general principles, but the parties have cited *Kelley* and many of the cases cited in it as controlling this appeal. However, when the facts are so different, as they are, the cases cannot control as a matter of law. In *Kelley,* the claimant was electrocuted when the truck's crane came into contact with a power line, as he stood in a pit and helped position a drilling rig attached to the truck. In *Clinton v. Nat. Indem. Co.*, 153 Ga. App. 491 (265 SE2d 841), a fireman using a firehose attached to a firetruck was knocked down when the firehose jerked.

In *Parker v. Atlanta Cas. Co.*, 157 Ga. App. 539 (278 SE2d 119) an auto repairman slipped on grease in the repair shop as he alighted from a car after driving it in from an outside lot. *Parker* involved the "actual operation of a motor vehicle as a vehicle" (former Ga. Code Ann. § 56-3402 (b) (h); cf. OCGA § 33-34-2 (9) (a)); he sustained injury arising out of the maintenance of the vehicle as a vehicle (§ 33-34-2 (1)), and he was occupying the vehicle by being in the immediate act of alighting from it. OCGA § 33-34-2 (8). Nevertheless, it was held Parker was not entitled to no-fault coverage because his fall was an "unconnected event," that there was no "zone of connection" between his fall and "what [the car] did." This finding goes beyond the terms of the statutes. The federal court found it "conflicting," but *Kelley* distinguished it because it dealt with the "repair and service" exclusion.

In *Georgia Farm &c. Ins. Co. v. Nelson*, 153 Ga. App. 623 (266 SE2d 299), the deceased was found dead after he had apparently at-

tempted to jack up a lumber truck. The tractor and trailer were disconnected; it appeared a front dollie on the trailer collapsed, and the load of lumber fell on him. That case and another, *Jones v. Transamerica Ins. Co.*, 154 Ga. App. 408 (268 SE2d 444), involving a death by carbon monoxide of one found outside the car but in the garage where it had been parked, were disapproved by the Supreme Court in *Kelley* because they were decided without reference to the "occupancy" requirement of § 33-34-7 (a) (1) (2).

In *Leverette v. Aetna Cas. &c. Co.*, 157 Ga. App. 175 (276 SE2d 859), the claimant fell while he was standing on a truck, using it as a ladder of sorts to pick plums from a tree. In *Jones v. Continental Ins. Co.*, 169 Ga. App. 153 (312 SE2d 173), the claimant went back to her car so as to unload some things she had forgotten, after the car had been parked for 15 minutes; as she unloaded the items, she stepped back into a hole in the ground. In *Cole v. Allstate Ins. Co.*, 173 Ga. App. 454 (326 SE2d 817), two persons were killed when a van left the highway and crashed into them where they stood beside the road, watching a third person who was attempting to repair their insured pick-up truck.

Although all these cases are governed by the same statutes, the circumstances in all these cases are too different to analogize them to the distinct facts in this case. However, the Supreme Court in *Kelley* at p. 274, made one thing clear: each case must be analyzed in an orderly fashion, first on the question of whether it presents an "insured event," per OCGA § 33-34-7 (a). The claimant must have sustained accidental bodily injury as a *"pedestrian . . . struck by a motor vehicle"* or *"while occupying [a] motor vehicle."* (Emphasis supplied.) OCGA § 33-34-7 (a) (1). It must then be determined whether the *injury* was one arising "out of the *operation, maintenance, or use"* of a motor vehicle as a motor vehicle (OCGA § 33-34-2 (1) (9)). If either analysis fails, the claimant has not experienced an "insured event." *Kelley*, supra.

In this case, as to whether this was an insured event, the appellant was not a "pedestrian . . . *struck by"* a motor vehicle. These statutory words are clear and not subject to dramatic and artful meaning. If, as the appellant maintains, "struck" denotes "a movement or force resulting in physical impact" (*Johnson*, supra), the requirement of being "struck *by"* would mean the movement or force would have to be that of the vehicle. In this case, the movement or force was that of Ms. Cole's body, i.e., her elbow. It must be concluded she was not a *"pedestrian . . . struck by"* the vehicle.

As for whether she "occupied" the vehicle (§ 33-34-2 (8)), she was neither *"in"* it, nor *"upon"* it, nor was she engaged in the *"immediate"* act of entering into or alighting from it. Future cases or clearer statutory language may decide exactly what it means to be "upon" a

vehicle, but without placing on the term an overly dramatic and artificial meaning, it can plainly be said she was not "upon" it merely because she slipped and fell, causing her elbow to strike it.

It is true that if she had been "occupying" the vehicle (§ 33-34-7 (a) (1)), the analysis might proceed to a conclusion that she suffered accidental bodily injury arising out of the "maintenance" of the vehicle (§ 33-34-2 (1)), as the Minnesota court concluded; but since she was not "occupying" the vehicle, within the statutory definition (§ 33-34-2 (8)), her injury, whatever it arose out of, was not an "insured event." Therefore, the analysis stops when it is concluded that she was neither a "pedestrian . . . struck by" a vehicle, nor was she "occupying" a vehicle pursuant to OCGA § 33-34-7; that is, she did not suffer an insured event.

The trial court did not err in granting summary judgment to the appellee insurer and denying summary judgment to the appellant on the issue of no-fault coverage.

*Judgment affirmed. Banke, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 8, 1988.

*Clifton S. Fuller, Jr.*, for appellant.
*Edgar S. Mangiafico, Jr.*, for appellee.