A89A0820. HOLSEY v. ALLSTATE INSURANCE COMPANY.
(389 SE2d 11)

POPE, Judge.

This appeal arises from the trial court's grant of summary judgment to defendant Allstate Insurance Company. The essential facts are not in dispute. Plaintiff Ricky L. Holsey and his wife were on their way to Hatcher Square Mall, in Milledgeville, Georgia. Plaintiff, along with several other cars, was stopped at a red light on Hancock Street in Milledgeville. When the light changed, the truck in front of plaintiff did not move, so he proceeded to go around the right side of the truck. Plaintiff then saw that there was a Buick Riviera stopped in front of the truck and that it was the Riviera and not the truck that was holding up traffic. Plaintiff testified that when he pulled beside the Riviera, it suddenly "took off." Plaintiff also accelerated and pulled in front of the Riviera. Plaintiff turned right at the next intersection. Plaintiff testified he did not notice the Riviera again until he

began to slow for another red light, and he felt something hit him in the rear. When he looked in his rear-view mirror, he saw the Riviera behind him. Plaintiff testified that he put his car in neutral, put on the brakes, and got out of his car in order to check the damage. Plaintiff started walking towards the back of his car, and the driver of the Riviera met him about where the gas tank cap is located on plaintiff's car. The driver stated to plaintiff that he would never pass him like that again. While the driver was speaking, he raised his hand from his side, and plaintiff noticed for the first time that the driver had a pistol in his hand. The driver shot plaintiff in the abdomen and then got back in his car and drove off.

Plaintiff subsequently made a claim under the personal injury protection provisions of his automobile insurance policy issued by defendant Allstate Insurance Company. Defendant denied coverage and plaintiff filed the instant litigation, seeking to recover medical expenses, bad faith penalties and attorney fees. Defendant filed a motion for summary judgment on the basis that plaintiff was not "occupying" the vehicle at the time of the accident and that the injury did not arise out of the operation, maintenance or use of the motor vehicle. See OCGA §§ 33-34-7; 33-34-2 (1) & (8). The trial court granted defendant's motion and plaintiff appeals. We affirm.

OCGA § 33-34-2 (8), the general language of which is tracked in the insurance policy here, defines occupying a vehicle as being "in or upon a motor vehicle or engaged in the immediate act of entering into or alighting from the motor vehicle." Here, plaintiff's uncontradicted testimony established that he had exited the car and walked several steps away from the door at the time he was shot by the driver of the Riviera. "Accordingly, [plaintiff] clearly was neither 'in or upon' the [motor vehicle] nor 'engaged in the immediate act of entering into or alighting from the motor vehicle.'" *Cole v. Allstate Ins. Co.*, 173 Ga. App. 454, 455 (326 SE2d 817) (1985).

Plaintiff, however, relies on several cases in which the appellate courts of this state have seemingly extended the occupancy requirement "beyond physical presence." See *State Farm &c Ins. Co. v. Holmes*, 175 Ga. App. 655 (333 SE2d 917) (1985); *Partridge v. Southeastern &c. Ins. Co.*, 172 Ga. App. 466 (323 SE2d 676) (1984). However, those cases involved situations in which the "occupant" was either involuntarily ejected from the vehicle or was forced to abandon the vehicle because it was unsafe to remain there. In those situations, we have held that the injured party "remained an occupant of the car until he could reach a neutral zone or could be removed to one." *State Farm v. Holmes*, supra at 657. In contrast, in the case at bar, plaintiff testified that he exited the vehicle to check the damage done to his car and to exchange insurance information with the driver of the Riviera. Plaintiff did not perceive any danger to himself until he

saw the gun in the driver's hand. Thus it cannot be said here that plaintiff exited the car in order to remove himself to an area of safety or "neutrality." Moreover, we do not agree with plaintiff's contention that because it was "necessary" for plaintiff to exit his car in order to assess the damage and exchange insurance information, that the reasoning applied in the "neutral zone" cases should be extended to the situation here. We conclude, therefore, that the trial court properly granted defendant's motion for summary judgment on the basis that plaintiff was not "occupying" the vehicle at the time of the injury. See *Cole v. New Hampshire Ins. Co.*, 188 Ga. App. 327 (373 SE2d 36) (1988); *Cole v. Allstate Ins. Co.*, supra; *Georgia Farm &c. Ins. Co. v. Jones*, 172 Ga. App. 164 (2) (322 SE2d 296) (1984). See generally *Kelley v. Integon Indemnity Corp.*, 253 Ga. App. 269 (320 SE2d 526) (1984). Consequently, it is unnecessary for us to consider whether the injury arose "out of the ownership, maintenance or use of a motor vehicle."

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 20, 1989 —
REHEARING DENIED DECEMBER 4, 1989 — ▮▮▮▮▮▮▮

*Lonzy F. Edwards*, for appellant.
*Robert S. Slocumb*, for appellee.