## A90A0153. BOYKIN v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.

(393 SE2d 470)

BEASLEY, Judge.

Boykin appeals the grant of State Farm's motion for summary judgment. The sole issue is whether she was entitled to have a jury determine her right to recover under the no-fault provisions of the owner's insurance policy issued by State Farm.

Boykin and two friends drove to a combination service station and convenience store. While the automobile was being filled with gasoline, Boykin and her two friends went into the store. Boykin purchased food and drink, paid for the gasoline and came out of the store. As she approached the vehicle she slipped and fell, sustaining injuries to her hand and wrist on glass which broke when she fell.

On deposition Boykin testified "I was getting ready to open the door" to the automobile. She had not actually grabbed the door handle, but "went to reach for it." She stated that when she fell she was about two feet from the car "because I was just fixing to open the door." She never made contact with the car during the incident. Boykin did not own the car. It was her brother's, and it was being used with his permission.

The trial court identified as undisputed the facts that as Boykin was preparing to re-enter the automobile she slipped and fell on wet oily pavement; the automobile engine was not running; she had not entered it; she made no physical contact with it prior to or during the fall. Finding in the record no evidence of an "insured event," the trial court denied Boykin's motion and granted State Farm's motion for summary judgment.

OCGA § 33-34-7 (a) (1) provides that a no-fault insurer shall pay basic benefits "without regard to fault for economic loss resulting from: [a]ccidental bodily injury sustained . . . by the insured . . . while occupying any motor vehicle." Accidental bodily injury includes "bodily injury, sickness, or disease . . . arising out of the operation, maintenance, or use of a motor vehicle which is accidental as to the person claiming basic no-fault benefits." OCGA § 33-34-2 (1). The "operation, maintenance and use of the motor vehicle" is "as a vehicle." OCGA § 33-34-2 (9). "Insured" encompasses "any other person using or occupying the insured vehicle with the express or implied permission of the named insured." OCGA § 33-34-2 (5). Under OCGA § 33-34-2 (8), " 'Occupying' means to be in or upon a motor vehicle or engaged in the immediate act of entering into or alighting from the motor vehicle."

Boykin argues that the issue whether she was occupying the vehicle should be a jury question, citing among others *Reynolds v. Transport Ins. Co.*, 178 Ga. App. 462 (343 SE2d 502) (1986), and *Kelley v.*

*Integon Indem. Corp.*, 253 Ga. 269 (320 SE2d 526) (1984). State Farm contends that *Cole v. New Hampshire Ins. Co.*, 188 Ga. App. 327 (373 SE2d 36) (1988), requires the ruling made by the trial court.

The question is whether the facts "establish as a matter of law that the claimant cannot recover on the policy." *Mag Mut. Ins. Co. v. Gatewood*, 186 Ga. App. 169, 173 (1) (367 SE2d 63) (1988). To recover Boykin must meet two threshold criteria: the injury must have occurred while she was occupying the vehicle and there must have been a causal connection between the injury and the operation, maintenance or use of a motor vehicle. *Kelley*, supra at 272. Even if contact is not essential to "occupying" a vehicle and that merely reaching for the door handle can constitute the immediate act of entering a vehicle (see, however, *Cole*, supra; *Floyd v. J. C. Penney Cas. Ins. Co.*, 193 Ga. App. 350 (387 SE2d 625) (1989); *Holsey v. Allstate Ins. Co.*, 193 Ga. App. 782 (389 SE2d 11) (1989)), her injuries did not arise out of the operation, maintenance or use of the automobile as a motor vehicle. OCGA § 33-34-2 (9).

The vehicle was not running, any "maintenance" had already been performed by someone else, and there was at most a remote connection between Boykin's injuries and the vehicle. See *Westberry v. State Farm Mut. Auto Ins. Co.*, 179 Ga. App. 700, 701 (1) (347 SE2d 688) (1986); *Bennett v. Nat. Union Fire Ins. Co.*, 170 Ga. App. 829, 830 (318 SE2d 670) (1984); *Jones v. Continental Ins. Co.*, 169 Ga. App. 153, 154 (312 SE2d 173) (1983); *Leverette v. Aetna Cas. &c. Co.*, 157 Ga. App. 175, 176 (276 SE2d 859) (1981). The injuries did not result "from an accident peculiar to the motor vehicle" nor were they "intrinsically related to the vehicle itself." Id. at 176. Given the facts here, there was no insured event.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED APRIL 3, 1990 —
REHEARING DENIED APRIL 19, 1990 — 

*Van C. Wilks*, for appellant.
*Harper, Waldon & Craig, Thomas D. Harper*, for appellee.