## 66065. CANAL INSURANCE COMPANY v. BRYANT.

Banke, Judge.

This appeal follows a jury verdict for the plaintiff in an action to recover benefits for property damage incurred when her truck burned. *Held:*

1. In its first enumeration of error, the defendant argues that the trial court erred in giving the following charge: "When there is no clear and unequivocal limitation on the authority of the agent of the insurance company, and no fraud or collusion between the agent and the prospective insured, the company is presumed to know any facts that the agent knows amounting to innocent misrepresentations and cannot set up lack of knowledge as a defense."

The defendant argues that the charge was erroneous because Tom Deen, the person who assisted the plaintiff with the application

and accepted it from her on the company's behalf, was not shown to be the company's agent. The record clearly shows otherwise. Deen signed the application as agent and issued a binder to the plaintiff. The policy application contained no limitation upon his authority. "[U]nless there is a limitation on the authority of the agent in the application itself sufficient to put the proposed insured on notice of the limitation on the authority of the agent, the general rule applies that the knowledge of the agent is the knowledge of the principal." *Allstate Ins. Co. v. Anderson,* 121 Ga. App. 582, 584 (174 SE2d 591) (1970). See also OCGA § 10-6-58 (Code Ann. § 4-309). This enumeration of error is without merit.

2. The defendant enumerates as error the trial court's failure to direct a verdict limiting the plaintiff's damages to one half of the truck's value, as the evidence showed she and her husband owned it as partners. The title to the truck was in the plaintiff's name, although both she and her husband contributed to its purchase. Assuming *arguendo* that a partnership interest existed, *Ga. Farm Bureau Mut. Ins. Co. v. Mikell,* 126 Ga. App. 640 (191 SE2d 557) (1972), relied upon by the defendant, is no authority for limiting the plaintiff's recovery. In that case, full recovery was allowed because "the partner who testified ratified the plaintiff's actions in taking out the policy." *Id.* at 641, 642. In the case before us, the plaintiff's husband also testified in a manner clearly indicating his ratification of the plaintiff's actions.

3. Finally, the defendant enumerates as error the denial of its motion for a directed verdict as to the claim for attorney fees and a bad faith penalty. "The proper rule is that the judgment should be affirmed if there is any evidence to support it unless it can be said as a matter of law that there was a reasonable defense which vindicates the good faith of the insurer." *Colonial Life & Accident Ins. Co. v. McClain,* 243 Ga. 263, 265 (253 SE2d 745) (1979). The only ground asserted by the defendant for refusing to pay the plaintiff's claim was that the application contained misrepresentations concerning the ownership of the truck. While the evidence did show an equitable interest in the plaintiff's husband, the plaintiff held the legal title, and she did not misrepresent the existence of her husband's interest in the application for insurance. Consequently, we cannot hold as a matter of law that there was a reasonable defense vindicating the good faith of the insurer.

*Judgment affirmed. Carley and Sognier, JJ., concur. Deen, P. J., disqualified.*

DECIDED MAY 3, 1983.

■■■■■■■■■■■■

■■■■■

*Hugh B. McNatt,* for appellant.
*George L. Hoyt, Jr.,* for appellee.