68550. PARTRIDGE v. SOUTHEASTERN FIDELITY
INSURANCE COMPANY.
(323 SE2d 676)

BENHAM, Judge.

The pertinent facts in this case are undisputed. Appellant's husband was an occupant of a car which struck a telephone pole and was torn in half. The impact threw appellant's husband just over 53 feet into the opposite lane of traffic. As he lay there, dead or at least seriously injured, another car struck him and dragged him some distance. His injuries were fatal. This lawsuit arose when appellant claimed benefits under the policy insuring the vehicle which struck appellant's

husband as he lay in the street. The theory under which appellant claimed coverage was that her husband had become a "pedestrian" for purposes of no-fault insurance. This appeal is from summary judgment granted to the insurer of the car which struck appellant's husband.

The parties agree that the central issue in this case is whether, at the moment he was hit by a car while he lay unconscious in the street, appellant's decedent was a pedestrian or was an occupant of the car from which he had just been violently ejected. For no-fault purposes, a pedestrian is "any person not occupying a motor vehicle . . ." OCGA § 33-34-2 (11). " 'Occupying' means to be in or upon a motor vehicle or engaged in the immediate act of entering into or alighting from the motor vehicle." OCGA § 33-34-2 (8). Appellant's theory is that her husband was clearly not in or upon the vehicle when he was struck by the other car, and the fact that he was more than 50 feet away from it requires the conclusion that he was not immediately engaged in entering or alighting from the vehicle. Therefore, she argues, he was not "occupying" the vehicle and came within the definition of a pedestrian. Appellee, on the other hand, insists that the decedent was still occupying the first car and was, therefore, not a pedestrian when struck by the car covered by the policy issued by appellee. The trial court agreed and ruled that the policy did not afford coverage for appellant's decedent's injuries. We agree.

Apparently finding no Georgia cases directly on point (as we also have not), the trial court considered cases from other states and quoted from U.S.F.& G. v. Daly, 384 S2d 1350, 1351 (Fla. App. 1980): "It is our opinion that when one is occupying a vehicle at the moment there is an accidental, involuntary ejection therefrom, the occupancy should be extended to include injuries incurred by reason of the ejection." The trial court then held that an occupant of a motor vehicle who is accidentally ejected from that motor vehicle remains an occupant of the vehicle from which he is ejected until he is able to remove himself to a neutral zone or is removed to a neutral zone. We find the trial court's reasoning compelling and adopt it.

We note, as did the court in U.S.F.& G. v. Daly, supra, that occupancy has been extended beyond physical presence in the vehicle in voluntary self-removal or alighting cases (see Annot., 42 ALR3d 501 (1972)), and it would be illogical to assign the status of occupant to one who is alighting but has left the vehicle and to deny it to another whose ejection from the vehicle has been involuntary and accidental.

We agree with the trial court's determination that appellant's decedent remained an occupant of the car from which he was thrown by that car's impact with the telephone pole and that he was, therefore, not a pedestrian at the time he was struck by the second car. In light of the trial court's holding, which we expressly adopt, that one in the

position of appellant's decedent remains an occupant of the car from which he is ejected until he is able to remove himself to a neutral zone or is removed to a neutral zone, any question of fact concerning the interval between appellant's decedent's ejection from the car and his contact with the second car is not material and is, therefore, no ground for the denial of summary judgment to the insurer.

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED OCTOBER 29, 1984.

*Richard E. Miley*, for appellant.
*David B. Bell*, for appellee.