71593. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY v. BESTAWROS et al.

(340 SE2d 645)

Sognier, Judge.

Dr. Onsy Bestawros and his wife, Hilda Bestawros, brought this action against Georgia Farm Bureau Mutual Insurance Company (GFB) seeking benefits under a homeowner's insurance policy plus bad faith penalties and attorney fees pursuant to OCGA § 33-4-6. The jury returned a verdict in favor of Dr. and Mrs. Bestawros. GFB appeals from the trial court's denial of its motion for directed verdict and for judgment notwithstanding the verdict.

On April 1, 1984, appellees' home was damaged by fire. At appellant's instruction, appellees obtained estimates for repairs and delivered the estimates to appellant on May 2, 1984. The highest estimate obtained by appellees was from Gene Rogers for $75,343.54; the lowest estimate obtained by appellant was from Billy Howell for $34,152.76. Appellant's agent met with Howell and appellee Onsy Bestawros (hereinafter appellee) to discuss the repair of appellees' house and, thereafter, appellee expressed to appellant's agent misgivings about Howell. On May 8, 1984, appellant notified appellee that it had invoked its option to repair or replace the damaged property under the terms of the policy and demanded that appellees make their home available to appellant for that purpose on May 14, 1984. On May 14, 1984, appellees demanded that appellant pay the amount of the Rogers' bid and informed appellant that if the claim was not paid within 60 days, appellees intended to seek penalties under OCGA § 33-4-6. In an effort to settle their dispute, the parties agreed that the repair work would be done by Howell under the supervision of another contractor, who would be provided with certain information regarding Howell's work. Appellees instituted this action following Howell's refusal to provide information regarding the repair work in accordance with the agreement of the parties. Appellant appeals solely from the award of penalties and attorney fees under OCGA § 33-4-6.

1. Appellant contends the trial court erred by denying its motions for directed verdict and judgment notwithstanding the verdict because the evidence at trial supported its defense that it exercised good faith in attempting to resolve appellees' claims. In reviewing a judgment against an insurer under OCGA § 33-4-6 for bad faith penalties and attorney fees for refusing to pay a claim, "[t]he proper rule

is that the judgment should be affirmed if there is any evidence to support it unless it can be said as a matter of law that there was a reasonable defense which vindicates the good faith of the insurer." *Colonial Life &c. Ins. Co. v. McClain,* 243 Ga. 263, 265 (1) (253 SE2d 745) (1979). See also *Canal Ins. Co. v. Bryant,* 166 Ga. App. 483, 484 (3) (304 SE2d 565) (1983). In the case sub judice appellees claimed that appellant acted in bad faith by attempting to wrongfully force them to accept an inadequate repair job to their home. The evidence at trial revealed a vast discrepancy between the quality of the repair and restoration work deemed necessary by appellees' contractor, Rogers, and that proposed by appellant's contractor, Howell. Also, appellee testified that appellant's agent threatened to terminate appellees' living expenses under the policy if appellees did not agree to use Howell or to accept a settlement in the amount of Howell's bid.

Finally, evidence was presented that despite the agreement appellant had entered into as settlement of its dispute with appellees, appellant's agent and Howell refused to provide information regarding Howell's work to the supervising contractor so that Howell's work could be adequately supervised as provided under the agreement. Thus, ample evidence supported appellees' claim that appellant acted in bad faith and the trial court did not err by denying appellant's motions for directed verdict and judgment notwithstanding the verdict. See *Fireman's Ins. Co. v. Allmond,* 105 Ga. App. 763, 766-67 (3) (125 SE2d 545) (1962); *Canal Ins. Co.,* supra. Contrary to appellant's argument, the amount of the jury's award for benefits under the policy is well within the range of the evidence, see *Firemen's Ins. Co.,* supra at 766 (2), and, therefore, the jury's verdict in no way mandates a finding that appellant acted in good faith as a matter of law. See *Colonial,* supra; *Canal Ins. Co.,* supra.

2. Appellant contends error in the trial court's charge on the issue of bad faith penalties and attorney fees and also contends a question submitted by the jury was answered erroneously by the trial court. Contrary to appellant's argument, nothing in the trial court's charge states or implies that the jury was required to award attorney fees should it find bad faith on the part of appellant. The charge was a correct statement of the law as found in OCGA § 33-4-6. We find no merit in appellant's allegation with regard to the trial court's affirmative response to the question submitted by the jury, "Are we supposed to decide attorneys fees? If we find Insurance Company in Bad Faith?" Moreover, any error in the court's response to the jury's question was waived by appellant's failure to object to the response before the jury returned its verdict. OCGA § 5-5-24 (a); *Little v. Little,* 173 Ga. App. 116 (2) (325 SE2d 624) (1984).

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

DECIDED FEBRUARY 4, 1986.

*James H. Phillips*, for appellant.

*Erwin Mitchell, Warren N. Coppedge, Jr., J. Tracy Ward*, for appellees.