43459. COLLINS v. INTERNATIONAL INDEMNITY COMPANY.
(349 SE2d 697)

CLARKE, Presiding Justice.

Collins and Hendry were thrown from a motorcycle. Lovett saw the bodies in the road, parked his car across the lanes with lights and flashers on to alert oncoming motorists, and went to help the victims. Another car struck Lovett's car and came to rest approximately forty-five feet from the point of impact. Lovett's car was spun counter-clockwise and came to rest approximately thirty-two feet from the point of impact. Lovett noticed that the bodies of the victims were in a different position from the position in which originally observed. Collins was dead at the scene of the accident. Hendry survived but

was unable to remember the accident.

Collins' estate sued Lovett's insurer, International Indemnity Company, claiming no-fault benefits under the Georgia Motor Vehicle Accident Reparations Act. OCGA § 33-34-1 et seq. Collins' estate claimed that he was a pedestrian at the time he was struck either by Lovett's car or the second vehicle. The trial court granted summary judgment to International Indemnity, and the Court of Appeals affirmed, finding that under the case of *Partridge v. Southeastern Fidelity Ins. Co.*, 172 Ga. App. 466 (323 SE2d 676) (1984), Collins was an occupant of the vehicle from which he had been ejected until he had been removed or was able to remove himself from the area of danger to a neutral location or place of safety. We granted certiorari to determine whether Collins should be classified as a pedestrian or occupant of the motorcycle under Georgia no-fault insurance statutes.

The question of which classification fits Collins becomes important because the no-fault insurance act extends no protection to motorcycles or their occupants. The act covers motor vehicles which are defined as vehicles having more than three load-bearing wheels. OCGA § 33-34-2 (6). The statute does, however, afford protection to pedestrians, OCGA § 33-34-7 (a) (3); and pedestrians are defined as any person not occupying a motor vehicle or motorcycle or any other motor driven vehicle designed primarily for operation upon the public streets, roads and highways or not in or upon a vehicle operated on stationary rails or tracks or not in or upon any aircraft. OCGA § 33-34-2 (11). The question then arises as to the meaning of the word "occupying" and the Code explains that it means ". . . to be in or upon a motor vehicle or engaged in the immediate act of entering into or alighting from the motor vehicle." OCGA § 33-34-2 (8). Therefore, if Collins is to recover from Lovett's insurer, the facts must authorize a finding that he was not in or upon the motorcycle or engaged in the immediate act of entering into or alighting from the motorcycle.

International Indemnity relies upon the cases of *Partridge v. Southeast Fidelity Ins. Co.*, supra; *Camper v. Shelby Mut. Ins. Co.*, 175 Ga. App. 169 (332 SE2d 923) (1985); and *State Farm Mut. Ins. Co. v. Holmes*, 175 Ga. App. 655 (333 SE2d 917) (1985), to support its position that Collins was an occupant of the motorcycle from which he had been ejected because the chain of events from his ejection from the motorcycle to his being struck by either Lovett's car or the other car was unbroken by his removal to a neutral zone. We do not agree.

When Lovett placed his automobile across the lanes of traffic as a barrier to protect the bodies of Collins and Hendry, and when he turned on his headlights and flashers to alert oncoming traffic of a hazard, he attempted to create a neutral zone of protection which might convert the status of Collins and Hendry from occupants of the

motorcycle to pedestrians in the roadway. Neither the fact that the zone of safety thus created was not sufficient to protect Collins and Hendry nor the fact that the victims were not physically removed from the roadway necessarily prevents the change of status from occupants to pedestrians. The determinative factor is the extent to which precautions have been taken to protect the victims from further injury. This presents a question of fact for a jury and summary judgment is inappropriate.

International Indemnity next argues that even if Collins were a pedestrian rather than an occupant of the motorcycle it was entitled to summary judgment in that Lovett's stationary car did not "strike" Collins within the meaning of OCGA § 33-34-7 (a) (3). We find that the word "strike" should be given its ordinary meaning, which is "To come into violent contact with; hit." Funk & Wagnall's Standard Dictionary. Under the stipulated facts it is unclear whether Lovett's car came into violent contact with Collins. This is a question for the jury.

*Judgment reversed. All the Justices concur, except Marshall, C. J., who concurs in the judgment only, and Weltner and Bell, JJ., who dissent.*

GREGORY, Justice, concurring.

I concur in the majority opinion and write only to state my extended view of the meaning of OCGA § 33-34-2 (8) and (11). That section defines the terms "occupying" and "pedestrian" as follows: "(8) 'Occupying' means to be in or upon a motor vehicle or engaged in the immediate act of entering into or alighting from the motor vehicle. . . . (11) 'Pedestrian' means any person not occupying a motor vehicle or a motorcycle. . . ." (Elsewhere a motor vehicle is defined so as to exclude a motorcycle. Some confusion is injected at this point by defining "occupying" in terms of a motor vehicle while defining a "pedestrian" in part as one not occupying a motorcycle. I will do as others have done and use the same definition for "occupying" whether it relates to a motorcycle or to a motor vehicle.) Since Collins was unquestionably not in, upon or entering into the motorcycle he can only have been occupying it if, at the time allegedly struck by the automobile, he was still in the immediate act of alighting from the motor vehicle. The focus is on the word "immediate." It means, "acting or being without the intervention of another object, cause, or agency." Websters' New Third International Dictionary Unabridged. I completely agree with the majority that the conduct of Lovett in placing his vehicle so as to protect Collins in his precarious position lying in the roadway could constitute such an intervention so that Collins was no longer in the immediate act of alighting from the motorcycle. But, it is to be observed that other objects, causes or agencies might also act to intervene. In particular, I believe time itself

may act as such an agency. In nearly every case, as it is here, it will be a question of fact as to whether one is still in the immediate act of alighting from a motorcycle or motor vehicle at the time of the injury. To the extent the views expressed herein conflict with some of the language of *Partridge v. Southeastern Fidelity Ins. Co.*, 172 Ga. App. 466 (323 SE2d 676) (1984), I would disapprove that decision.

WELTNER, Justice, dissenting.

I dissent, as I cannot agree with the majority's delineation of certain factual elements as "jury issues." The opinion holds: "The determinative factor is the extent to which precautions have been taken to protect the victims from further injury. This presents a question of fact for a jury and summary judgment is inappropriate." (Majority opinion, p. 495).

The essential factual elements in this matter are undisputed. Whether or not Collins was an "occupant" of a motorcycle, or a "pedestrian" are matters of law, inasmuch as it is undisputed that his body was lying on the pavement prior to Lovett's approach.

If the court is to adopt a "neutral zone" interpretation, that, too, is a question of law. The facts are undisputed as to what Lovett did with his automobile, and as to the spatial relationship of his automobile and the body of Collins. Whether or not that created a "neutral zone" is a matter of law, and is a question that jurors would be singularly ill-equipped to answer.

ON MOTION FOR RECONSIDERATION.

CLARKE, Presiding Justice.

Appellee argues that the Court of Appeals' opinions in *Johnson v. Nat. Union Fire Ins. Co.*, 177 Ga. App. 204 (338 SE2d 687) (1985), and *Cole v. Allstate Ins. Co.*, 173 Ga. App. 454 (326 SE2d 817) (1985), dictated a different result. It contends that even if Lovett's car did strike Collins, International Indemnity is not liable under OCGA § 33-34-1 et seq., because Lovett's car was not the propelling vehicle. However, neither *Cole* nor *Johnson* dealt with the liability of the vehicle which was propelled into the injured party. In *Cole* the stationary vehicle was itself struck but the opinion does not indicate that it came into contact with the injured party. In *Johnson* the issue was the liability of the no-fault insurer of the vehicle which struck and propelled a second vehicle into the injured party. The court did not deal with the liability of the insurer of the stationary or propelled vehicle. We find now that where one vehicle is propelled by another vehicle into a third vehicle or pedestrian, both the propelling vehicle and the propelled vehicle have "struck" the third vehicle or pedestrian within the meaning of OCGA § 33-34-7. Therefore, the only

question for a jury here is whether Lovett's car struck Collins after Lovett's car was struck.

DECIDED NOVEMBER 4, 1986 —
RECONSIDERATION DENIED DECEMBER 2, 1986.

*Martin & Johnson, Clarence L. Martin,* for appellant.
*Gurley & Fowler, J. Loren Fowler, Michael L. Wetzel,* for appellee.