45254. INTERNATIONAL INDEMNITY COMPANY v. COLLINS.
(367 SE2d 786)

CLARKE, Presiding Justice.

This court detailed the facts of this case in *Collins v. Intl. Indem. Co.,* 256 Ga. 493 (349 SE2d 697) (1986). On May 2, 1981 deceased and his companion were thrown from a motorcycle onto the roadway. A passerby blocked a lane of traffic with his car to protect the bodies. His car was hit by another car causing it to move; the bodies changed positions, and decedent was pronounced dead at the scene. Decedent's minor daughter, Shamone Collins, made a claim for survivor's benefits pursuant to OCGA § 33-34-4 (b) and OCGA § 33-34-5 (a) (2) under the passerby's automobile insurance policy issued by International Indemnity. When International Indemnity denied the claim,

Collins brought suit.

The trial court granted the insurer's motion for summary judgment. After the Court of Appeals affirmed the summary judgment, we granted Collins' petition for certiorari. In *Collins v. Intl. Indem. Co.*, 256 Ga., supra, we reversed and remanded the case for trial. At trial the jury rendered a verdict for Collins which was affirmed by the Court of Appeals. The issues now on appeal are (1) whether Shamone Collins is a "dependent child" qualifying for survivor's benefits under the no-fault insurance statute, and (2) whether the insurer's refusal to pay the claim authorizes bad faith penalties, attorney fees and punitive damages under OCGA § 33-34-6 (b) and (c). We agree with the Court of Appeals that dependency of a minor child is assumed under the no-fault insurance statute, but we do not believe that the insurer's refusal to pay the claim was in bad faith.

1. The purpose of no-fault survivor's benefits is to provide financial protection for those most likely to suffer at the death of the insured. *Cannon v. Ga. Farm Bureau Mut. Ins. Co.*, 240 Ga. 479 (241 SE2d 238) (1978). To this end, the no-fault statute gives survivor's benefits to the spouse and dependent children of the deceased. OCGA § 33-34-4 (b) and OCGA § 33-34-5 (a) (2). We hold the word "dependent" in this statute indicates the age and status of the child and distinguishes this child from one who is capable of being financially and otherwise independent of an adult.

Undisputed evidence produced at trial showed that Collins was the daughter of the decedent. The evidence also showed that her mother and father were divorced and that she lived with her mother in Georgia, while her father lived in Florida and did not contribute financially to her support.

The duty of parents to support their children is joint and several and does not terminate until the child reaches the age of majority, except to the extent that the duty of one parent is further defined by court order. OCGA § 19-7-2. A divorce decree cannot waive a minor child's right to support. *Collins v. Collins*, 172 Ga. App. 748 (324 SE2d 475) (1984). A child who is unable to support himself is dependent on his parent as a matter of law, regardless of that parent's marital status. Therefore, a minor child is a dependent child for whom survivor's benefits exist under the no-fault statute.

2. When this case was first addressed, the trial court and the Court of Appeals relied on *Partridge v. Southeastern Fidelity Co.*, 172 Ga. App. 466 (323 SE2d 676) (1984) in holding as a matter of law that after the decedent was ejected from his motorcycle, he remained an occupant of the motorcycle, because he had not been removed to a neutral zone. Occupants of motorcycles cannot recover under the no-fault statute, so summary judgment was granted to the insurer. Had the decedent been removed to a neutral zone, his spouse and depen-

dent children could recover survivor's benefits. This court found there was a question of fact and remanded the case for trial to determine whether the attempted car blockade removed the deceased to a neutral zone.

Ordinarily, the question of good or bad faith is for the jury, but when there is no evidence of unfounded reason for the nonpayment, or if the issue of liability is close, the court should disallow imposition of bad faith penalties. *Johnson v. Nat. Union Fire Ins. Co.*, 177 Ga. App. 204 (338 SE2d 687) (1985). Good faith is determined by the reasonableness of nonpayment of a claim. *Lawson v. State Farm Mut. Auto. Ins. Co.*, 256 Ga. 285 (347 SE2d 565) (1986). International Indemnity's denial of the claim was reasonable, as is evidenced by the grant of summary judgment based on *Partridge* and its affirmance by the Court of Appeals.

When the Court of Appeals is divided on an issue, and certiorari is granted to resolve the issue, the insurer is legally justified in litigating the issue and cannot be held liable for a statutory bad faith penalty as a matter of law. *State Farm Mut. Auto. Ins. Co. v. Bass*, 231 Ga. 269 (201 SE2d 444) (1973). In light of the reasonableness of nonpayment and the procedural history of this case, we hold that these damages are not appropriate.

3. Georgia law allows prejudgment interest on liquidated demands. OCGA § 7-4-15. Reversal of the bad faith award does not affect the award of prejudgment interest, since prejudgment interest is based on the outstanding debt. *Intl. Indem. Co. v. Terrell*, 178 Ga. App. 570 (344 SE2d 239) (1986). However, the award of attorney fees must be reversed as such award is no longer authorized by OCGA § 33-34-6 (b).

*Judgment affirmed in part, reversed in part. All the Justices concur.*

DECIDED APRIL 27, 1988 —
RECONSIDERATION DENIED MAY 25, 1988.

*Michael L. Wetzel,* for appellant.
*Clarence L. Martin,* for appellee.
*James E. Butler, Jr., Thomas W. Bennett, James D. Hudson,* amici curiae.