A89A0656. PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY v. BURNETTI.
(385 SE2d 446)

POPE, Judge.

The appellee filed suit against the appellant insurer seeking to recover Personal Injury Protection, or "no-fault," benefits allegedly owed him due to his having been "struck by a motor vehicle" operated by the appellant's insured. During his deposition, the appellee testified that while using a public telephone located at an intersection, he observed the insured driving towards him on a collision course with the telephone stand. He stated that he was able to jump out of the way and avoid being struck by the vehicle before it collided with the telephone stand but that in doing so he twisted and injured his knee.

The appellant insurer moved for summary judgment on the ground that the appellee's testimony established without dispute that he had not been "struck by [a] motor vehicle" within the contemplation of OCGA § 33-34-7 (a) (3). In response, the appellee submitted an affidavit in which he averred that, in his efforts to avoid being hit, he had "struck the wall which was adjacent to where I had been standing" and had then "[fallen] to the ground, striking the pavement." The case is before us pursuant to our grant of the appellant insurer's application for an interlocutory appeal from the denial of its

motion for summary judgment.

OCGA § 33-34-7 (a) (3) provides for the payment of basic no-fault benefits for economic loss resulting from "[a]ccidental bodily injury sustained by any . . . person as a result of being struck by the owner's motor vehicle while a pedestrian in this state." There is no question that the appellee in this case was a "pedestrian" at the time of the accident. The question then is whether he was "struck by" the insured's vehicle. In construing that term, this court has previously held that "one can be 'struck by' an automobile for the purpose of the application of OCGA § 33-34-7 (a) (3) without actually coming into physical contact with the automobile itself." *Johnson v. Nat. Union Fire Ins. Co.*, 177 Ga. App. 204, 206 (338 SE2d 687) (1985). "In ordinary parlance, the word 'struck' is frequently used to denote a movement or a force causing or resulting in a physical impact. The 'striking' force can be either the force which most immediately comes in contact with the object struck, *or it can be the force setting in motion a chain of events leading up to the striking of an object.*" (Emphasis supplied.) Id. at 205. In the case at bar it is clear that the appellant's vehicle was the movement or force which set in motion the chain of events which led to the appellee's physical impact with a stationary object. This was sufficient to show that appellee was "struck by" appellant's vehicle and the trial court properly denied appellant's motion for summary judgment.

The dissent, however, would deny recovery because the appellee, instead of being hit by appellant's vehicle, or by another vehicle propelled into him by appellant's vehicle, sustained his injuries when he himself was propelled into a stationary object while attempting to avoid impact with the appellant's vehicle. To grant recovery to a person who, sensing danger, does nothing to remove himself from peril and is thereby injured by the impact itself with the on-coming vehicle, while denying recovery to one who, under the exact same set of circumstances, attempts to escape danger by fleeing the path of the oncoming vehicle, thereby sustaining injury by impacting with an object other than the vehicle, leads to anomalous, if not absurd results. Clearly, in either situation, the vehicle was the force which led to the claimant's physical impact with or striking of an object and recovery should be allowed.

As to the apparent discrepancy between appellee's deposition testimony and the averments in his affidavit, it has been held by our Supreme Court that questions of whether the testimony of a party-witness on summary judgment is self-contradictory and whether a reasonable explanation has been offered for the contradictory testimony are questions of law for the trial court to decide. *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 30 (343 SE2d 680) (1986); see also *Chapman v. Burks*, 183 Ga. App. 103, 106 (357 SE2d

832) (1987). Here the trial court, in denying the motion for summary judgment, obviously resolved the apparent conflict in appellee's favor. I would note also that the resolution of any actual discrepancies concerning the occurrence in question will ultimately be for the jury's resolution.

*Judgment affirmed. Carley, C. J., Deen, P. J., McMurray, P. J., and Benham, J., concur. Beasley, J., concurs in part and dissents in part. Banke, P. J., Birdsong and Sognier, JJ., dissent.*

BEASLEY, Judge, concurring in part and dissenting in part.

I agree with the majority's ruling with respect to the apparent discrepancy in appellee's statements, but I cannot concur in the construction of OCGA § 33-34-7 (a) (3). In this regard I agree with the dissent.

The Supreme Court has stated, in connection with its interpretation of this very provision, "that the word 'strike' should be given its ordinary meaning, which is 'To come into violent contact with; hit.' Funk & Wagnall's Standard Dictionary." *Collins v. Intl. Indem. Co,* 256 Ga. 493, 495 (349 SE2d 697) (1986). "By" relates to the vehicle which is the activating force, that which strikes the pedestrian directly or, as construed by the appellate courts, indirectly by striking something which strikes the pedestrian.

When it is the pedestrian's activating force which results in the injury complained of, however, and it is he who strikes, this is not covered within the concept of "struck by" the vehicle. While this, too, is indirect, it is indirection of a different nature and cannot be squeezed into the language used by the legislature.

We cannot change the language so as to cover circumstances not covered by the plain language of the statute, on the supposition that the legislature would have changed the language if it had foreseen these circumstances. See dissent in *State Farm &c. Ins. Co. v. Holmes,* 175 Ga. App. 655, 658 (333 SE2d 917) (1985).

BANKE, Presiding Judge, dissenting.

1. By its holding in this case, the court has effectively eliminated the words, "as a result of being struck by the owner's motor vehicle," from OCGA § 33-34-7 (a) (3), thereby holding, in effect, that no-fault benefits may be recovered by any person who suffers an accidental bodily injury in this state in connection with the ownership, use or maintenance of an insured motor vehicle. This may or may not be an enlightened position as a matter of public policy, but it is unquestionably contrary to the plain wording of the statute.

Personal injury protection, or no-fault, insurance coverage was never intended to be co-extensive with motor vehicle liability insurance coverage. No-fault insurance is, of course, much broader in scope

in that, as the name implies, it provides for compensation without regard to fault. On the other hand, it is more restrictive than liability insurance in the sense that it insures only against economic loss. See OCGA §§ 33-34-4 (a); 33-34-5 (a). Also, from the wording of OCGA § 33-34-7 (a), it is apparent that no-fault coverage was intended to apply only to injuries sustained while (1) occupying a motor vehicle or (2) as the result of being "struck by" a motor vehicle while a pedestrian. Motor vehicle liability insurance, on the other hand, encompasses all injuries for which an insured could be considered legally responsible, provided only that the injuries arose from the ownership, use or maintenance of a covered motor vehicle. See generally *Rustin v. State Farm &c. Ins. Co.*, 254 Ga. 494 (330 SE2d 356) (1985); *Weeks v. Auto-Owners Ins. Co.*, 175 Ga. App. 725 (334 SE2d 325) (1985); *Hartford Accident &c. Co. v. Booker*, 140 Ga. App. 3 (2) (230 SE2d 70) (1976).

A restriction somewhat analogous to the "struck by" provision of § 33-34-7 (a) is contained in the Code section governing uninsured motorist coverage, as follows: "[I]n order for the insured to recover under the [uninsured motorist] endorsement where the owner or operator of any motor vehicle which causes bodily injury or property damage to the insured is unknown, *actual physical contact* must have occurred between the motor vehicle owned or operated by the unknown person and the person or property of the insured." OCGA § 33-7-11 (b) (2). Both in construing the "struck by" terminology of OCGA § 33-34-7 (a) and in construing the "actual physical contact" provision of OCGA § 33-7-11 (b) (2), this court has held that a claimant need not actually have come into contact with the vehicle in question if that vehicle struck another vehicle which in turn came into contact with the claimant. See *State Farm &c. Ins. Co. v. Carlson*, 130 Ga. App. 27 (202 SE2d 213) (1979) (holding that the "actual physical contact" requirement of the uninsured motorist statute was met where an unknown hit-and-run driver struck a third vehicle which in turn struck the insured vehicle); *Johnson v. Nat. Union Fire Ins. Co.*, 177 Ga. App. 204 (1) (338 SE2d 687) (1985) (holding that the "struck by" requirement of OCGA § 33-34-7 (a) (3) was satisfied where the insured vehicle struck a parked vehicle which was thereby propelled into the claimant).

It is one thing to construe OCGA § 33-34-7 (a) (3) in such a way that a pedestrian who is "struck by" an object which has been set in motion by a motor vehicle is treated as if he had been "struck by" the vehicle itself. It is quite another thing to construe the statute in such a way that it makes no difference whether the pedestrian has been struck "by" anything at all. All bodily injuries result from physical trauma of some sort, and the language of the statute was obviously intended to distinguish certain types of automobile-related impact

from others. By placing a pedestrian who collides with a static object while exercising his own locomotive power in the same category with respect to eligibility for no-fault benefits as one who has been "struck by" a motor vehicle, we are going well beyond the legitimate constraints of statutory interpretation and are simply re-drafting the statute to suit our own notion of what the law ought to be.

2. Regardless of how we interpret the language of OCGA § 33-3-47 (a) (3), I believe the appellant insurer was entitled to summary judgment pursuant to *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 30 (343 SE2d 680) (1986), due to the fact that, in an affidavit submitted in opposition to the appellant's summary judgment motion, the appellee contradicted his own prior deposition testimony without offering a reasonable explanation for the contradiction.

In his affidavit, the claimant averred that in his successful effort to avoid being struck by the insured vehicle, his "left hip and left shoulder struck the wall which was adjacent to where [he] had been standing," whereupon he "fell to the ground, striking the pavement." However, during his deposition, the appellee had complained only of having twisted his knee, as follows: "Q. Explain to me again what body movements took place on your part, you pulled back from the phone booth? A. I pulled back and I twisted to the right. . . . Q. You stepped back and you turned to your right? A. Yes, sir, . . . to face the vehicle. . . . Q. No part of the vehicle struck you? A. No, sir. Q. And you just stood there after the vehicle stopped? A. Yes, sir."

While the appellee attempted to explain this contradiction by averring in his affidavit that he thought the questions asked during the deposition had referred to a time period subsequent to the accident, that explanation was inconsistent not only with the above-quoted portions of his deposition testimony, but also with his additional deposition testimony as follows: "Q. All right. Did you fall down? A. You mean at the time of the incident? Q. Yes. A. No, sir."

"As instructed in *Prophecy Corp*, supra at 30, on summary judgment the questions of whether the testimony is self-contradictory and whether a reasonable explanation has been offered are questions of law for the court to decide." *Chapman v. Burks*, 183 Ga. App. 103, 106 (357 SE2d 832) (1987). Because the explanation offered by the appellee for the conflict between his affidavit and his deposition testimony is itself contradicted by his deposition testimony, as well as for the reasons stated in Division 1 of this dissent, I would hold that the trial court erred in denying the appellant's motion for summary judgment.

I am authorized to state that Judge Birdsong and Judge Sognier join in this dissent.

DECIDED JULY 14, 1989 —
REHEARING DENIED JULY 31, 1989 —

Wildman, Harrold, Allen, Dixon & Branch, Alfred B. Adams III, Frank O. Brown, Jr., for appellant.
Carter & Butt, Eugene D. Butt, for appellee.