## A89A0814. FIREMAN'S FUND INSURANCE COMPANY v. KERGER.
### (389 SE2d 541)

POPE, Judge.

Plaintiff Brendan Joseph Kerger, Jr., brought suit against defendant Fireman's Fund Insurance Company to recover no-fault benefits he alleged were due him under a policy of insurance issued to Caroline Clotfelter, as a result of injuries sustained in an incident involving Kerger, who was riding a bicycle, and an automobile driven by Clotfelter. Cross motions for summary judgment were made, and the trial court granted Kerger's motion for summary judgment and denied that of Fireman's Fund. This appeal consolidates our grant of Fireman's Fund's application for interlocutory appeal from the denial of its motion and the direct appeal from the grant of summary judgment to Kerger.

The record reveals that the incident in question occurred on the morning of May 26, 1987, when plaintiff, an experienced and accomplished cyclist, was riding his bicycle in a southerly direction on East Brookhaven Drive in Atlanta, where Clotfelter's residence is located. It is undisputed that when plaintiff first noticed Clotfelter's car it was stopped in the middle of the northbound lane. As plaintiff approached the area where the vehicle was stopped, Clotfelter backed her car into her driveway, driving in reverse across the southbound lane where plaintiff was approaching, and "abruptly" turned in front of him. Plaintiff swerved sharply to avoid colliding with the car, as a result of which he hit a storm drain located in front of Clotfelter's driveway. This, in turn, caused the front wheel of plaintiff's bicycle to collapse and plaintiff to be thrown to the ground and injured. Plaintiff subsequently made demand upon defendant for medical expenses and lost wages under Clotfelter's no-fault policy, which demands were refused.

Defendant contends the trial court erred by denying its motion for summary judgment and granting summary judgment in favor of plaintiff, erroneously construing OCGA § 33-34-7 (a) to entitle plaintiff to no-fault benefits. OCGA § 33-34-7 (a) provides that "[t]he insurer of a motor vehicle with respect to which security is required by Code Section 33-34-4 shall pay basic no-fault benefits without regard to fault for economic loss resulting from: . . . (3) [a]ccidental bodily injury sustained by any . . . person as a result of being struck by the owner's motor vehicle while a pedestrian in this state." The parties agree that for the purposes of this case plaintiff must be considered a "pedestrian" under Georgia law. See OCGA § 33-34-2 (11).

"The question then is whether [plaintiff] was 'struck by' the insured's vehicle. In construing that term, this court has previously held that 'one can be "struck by" an automobile for the purpose of the

application of OCGA § 33-34-7 (a) (3) without actually coming into physical contact with the automobile itself.' *Johnson v. Nat. Union Fire Ins. Co.*, 177 Ga. App. 204, 206 (338 SE2d 687) (1985). 'In ordinary parlance, the word "struck" is frequently used to denote a movement or a force causing or resulting in a physical impact. The "striking" force can be either the force which most immediately comes in contact with the object struck, *or it can be the force setting in motion a chain of events leading up to the striking of an object.*' (Emphasis supplied.) Id. at 205. In the case at bar it is clear that [Clotfelter's] vehicle was the movement or force which set in motion the chain of events which led to the [plaintiff's] physical impact with [the storm drain]. This was sufficient to show that [plaintiff] was 'struck by' [Clotfelter's] vehicle and the trial court properly denied [defendant's] motion for summary judgment [and properly granted summary judgment to plaintiff on this basis.]" *Pennsylvania Nat. &c. Ins. Co. v. Burnetti*, 192 Ga. App. 593, 594 (385 SE2d 446) (1989) (cert. granted September 28, 1989, Clarke, P. J., Smith and Gregory, JJ., dissenting).

Contrary to the assertions of the dissent, this case is indistinguishable from *Burnetti*. Here the plaintiff testified in his deposition that he was forced to suddenly swerve on his bicycle in order to avoid colliding with Clotfelter's car when she "abruptly" turned in front of him, as a result of which he hit a large storm drain and was thrown from his bicycle to the ground. In *Burnetti*, the plaintiff was injured when he jumped out of the path of an oncoming vehicle, thus causing him to strike a nearby wall and pavement. In both cases, plaintiffs were faced with an untenable "choice" — take immediate evasive action or be struck by a car. In both cases, plaintiffs came into contact with an unforeseen obstacle in attempting to retreat from the path of the oncoming vehicle. In both cases plaintiffs were injured as a result of their contact with the unforeseen obstacle and as a direct result of their contact with the offending vehicle. "To grant recovery to a person who, sensing danger, does nothing to remove himself from peril and is thereby injured by the impact itself with the on-coming vehicle, while denying recovery to one who, under the exact same set of circumstances, attempts to escape danger by fleeing the path of the oncoming vehicle, thereby sustaining injury by impacting with an object other than the vehicle, leads to anomalous, if not absurd results. Clearly, in either situation, the vehicle was the force which led to the claimant's physical impact with or striking of an object and recovery should be allowed." *Burnetti*, supra at 594. Consequently, the trial court properly denied defendant's motion for summary judgment and properly granted summary judgment to plaintiff.

The dissent also would overrule *Burnetti*, thereby retreating from the precedent announced last term by a majority of this court.

Specifically, the dissent incorrectly states that *Cole v. N. H. Ins. Co.*, 188 Ga. App. 327 (373 SE2d 36) (1988) is directly on point and that it construes the "struck by" language "in totally opposite fashion from that employed by the *Burnetti* majority." In *Cole*, plaintiff, while walking back to her *parked* car, slipped and fell, striking her arm on the front of her *stationary* vehicle. *Cole* did not reject the "movement or force" analysis espoused in *Johnson* and relied on in *Burnetti*, but instead simply held that the movement or force which lead to the impact had to be that of the vehicle. Consequently, since the plaintiff herself, and not the stationary vehicle, was the movement or force in *Cole*, under the facts of that case recovery was not warranted.

Likewise, the Supreme Court's opinion in *Collins v. Intl. Indem. Co.*, 256 Ga. 493 (349 SE2d 697) (1986) is not, as the dissent contends, "controlling authority" which requires a different result. In that case the central issue was whether or not the plaintiff was a pedestrian as that term is used in OCGA § 33-34-2 (11). As to the issue of whether the plaintiff was "struck by" the vehicle in question the majority simply held that that was a question for the jury. On motion for rehearing the majority also held that the propelled as well as the propelling vehicle can be found to have "struck" the pedestrian within the meaning of OCGA § 33-34-7. In sum, the cases cited by the dissent neither support its assertion that *Burnetti* should be overruled nor mandate the conclusion that summary judgment was improperly granted by the trial court in this case.

*Judgment affirmed. Carley, C. J., Deen, P. J., McMurray, P. J., and Benham, J., concur. Banke, P. J., Birdsong, Sognier and Beasley, JJ., dissent.*

SOGNIER, Judge, dissenting.

I respectfully dissent.

First, I find *Pennsylvania Nat. &c. Ins. Co. v. Burnetti*, 192 Ga. App. 593 (385 SE2d 446) (1989) distinguishable from the case sub judice. The vehicle in *Burnetti* unquestionably collided with *something* (although it is unclear whether it was the telephone stand in which the pedestrian was standing), setting in motion a chain of events resulting in the pedestrian's alleged injury, while the vehicle in the case at bar hit *nothing*, but rather was backed without incident into the insured's residence driveway. Thus, even extending *Johnson v. National &c. Ins. Co.*, 177 Ga. App. 204, 205-206 (1) (338 SE2d 687) (1985) as far as the majority did in *Burnetti*, it is certainly a question of fact whether this case may be brought under that rationale. In *Johnson* we held that a pedestrian was "struck," and was therefore entitled to no-fault benefits, when he was hit by a parked car when a moving vehicle collided with the parked car, thus propelling it into the pedestrian. In the case sub judice, appellee was not

"struck" at all. He was injured when he was thrown from his bicycle which *he* propelled over a storm drain. In my view, the facts presented here are simply outside the bounds of the *Johnson* rationale, even as extended by *Burnetti*, and the majority itself proposes the very anomalous results it sought to avoid in *Burnetti*. Allowing injured pedestrians to recover benefits under the no-fault insurance policies of drivers of vehicles with whom they have no contact when no collision with anything took place, simply on the basis of the pedestrians' *belief* that the vehicle *would have* or *might have* collided with them but for their own actions, seems to me a far more anomalous result than requiring the minimal contact mandated by *Johnson*, supra. Moreover, plaintiffs such as appellee are not without remedy if no-fault benefits are disallowed, as nothing precludes them from pursuing traditional liability claims against those they believe responsible for their injuries, as, in fact, appellee *has done* in this case.

Second, although *Burnetti*, supra, is distinguishable, I believe it was wrongly decided and should be overruled. The majority opinion in *Burnetti* ignores this court's recent decision in *Cole v. N. H. Ins. Co.*, 188 Ga. App. 327 (373 SE2d 36) (1988), although that case is directly on point and construes the statutory "struck by" language in OCGA § 33-34-7 (a) in totally opposite fashion from that employed by the *Burnetti* majority. In *Cole*, this court held that "the requirement of being 'struck *by*' [means] the movement or force [must] be that of the vehicle." Id. at 329. The majority opinion in *Burnetti* also fails to mention the controlling authority of the Supreme Court's decision in *Collins v. Intl. Indem. Co.*, 256 Ga. 493 (349 SE2d 697) (1986) (although the importance of *Collins* was recognized by Judge Beasley in her opinion concurring in part and dissenting in part in *Burnetti*), which explicitly holds that "the word 'strike' [in OCGA § 33-34-7 (a) (3)] should be given its ordinary meaning, which is '[t]o come into violent contact with; hit,' [cit.]," id. at 495, and that even if the injured party was a pedestrian, it was a requirement of the statute that the pedestrian have been "struck."

" '(S)tatutes should be read according to the natural and most obvious import of the language, without resorting to subtle and forced constructions, for the purpose of either limiting or extending their operation. (Cit.)' [Cit.]" *Georgia Turkey Farms v. Hardigree*, 187 Ga. App. 200, 202-203 (1) (369 SE2d 803) (1988). The words "pedestrian . . . struck by" a motor vehicle, as used in the no-fault statute, are "clear and not subject to dramatic and artful meaning." *Cole*, supra at 329. Because appellee did not come into violent contact with Clotfelter's vehicle or anything propelled by it, he was not "struck by" it and was not entitled to no-fault benefits. Accordingly, I would decline to follow that portion of *Burnetti* which construes OCGA § 33-34-7 (a) (3) as allowing a pedestrian to recover no-fault benefits

when he has not come into violent contact with either a motor vehicle or a projectile set in motion by that motor vehicle, and in this case I would reverse the trial court's grant of summary judgment to appellee.

I am authorized to state that Presiding Judge Banke, Judge Birdsong and Judge Beasley join in this dissent.

DECIDED DECEMBER 1, 1989 —
REHEARING DENIED DECEMBER 19, 1989.

*Long, Weinberg, Ansley & Wheeler, Palmer H. Ansley, Robin L. Peek*, for appellant.
*James A. Goldstein, R. Patrick White*, for appellee.