A89A1108. STRIGGLES v. HANOVER INSURANCE COMPANY.
(391 SE2d 767)

POPE, Judge.
The question presented in this appeal is whether an application for optional no-fault motor-vehicle insurance coverage is in substantial compliance with the requirements of OCGA § 33-34-5 (b) pursuant to the holding in *St. Paul Fire &c. Ins. Co. v. Nixon*, 252 Ga. 469 (314 SE2d 215) (1984). The trial court found that the form was in substantial compliance and granted appellee-defendant The Hanover Insurance Company's motion for summary judgment. Plaintiff-appellant Striggles had sued for $45,000 additional benefits, contending that the form did not comply with the statute as it was written before the 1982 amendment. *Held*:

We reverse. "To be in substantial compliance a form should satisfy the intent of the General Assembly to ensure that insurers offer optional coverages to applicants for no-fault insurance and that an applicant's waiver of his privilege to obtain optional coverages be made knowingly *and in writing*. Is the present application in substantial compliance? That is, is there enough on the form to show as a matter of law that the insured was offered these benefits and knowingly rejected them? And, is it clear from the form that the intent of the insured was to reject optional PIP benefits? We think not." (Cita-

tion, punctuation and indention omitted). *Associated Indem. Corp. v. Sermons*, 175 Ga. App. 513, 515 (333 SE2d 902) (1985).

The form at issue in the present case, reproduced in the appendix at the end of this opinion, is entitled "Supplement To Automobile Application Georgia No Fault Coverages." The section relating to PIP reads as follows:

1. *Basic Personal Injury Protection* (PIP)
 Mandatory $5,000. Limit (Required by Law)

2. *Additional Personal Injury Protection*

 | Includes | |
 |---|---|
 | the | $10,000 |
 | Basic | $25,000 |
 | $5,000 | $50,000 |

Boxes are set next to each amount and on the right side of the form, the applicant is instructed to "Check only *one*." Sections 3, 4 and 5 provide spaces for the applicant to accept or reject collision coverage, comprehensive coverage and loss of use coverage. Directly above the single signature line is this sentence, "I understand that this form has given me the opportunity to select the coverages I desire as offered by the Georgia No Fault Law."

This is far short of the information found to be in substantial compliance in *Nixon*, supra. "The policy application in *Nixon* consisted of two pages, and each was signed at the bottom. Notices on both the first and second pages directed the insured to complete the second page, which was titled 'OFFER TO PURCHASE ADDITIONAL COVERAGE APPLICATION.' Part 1 of the second page was titled 'OPTIONAL PERSONAL INJURY PROTECTION COVERAGE,' and immediately below this heading were two boxes, one below the other. The first box was followed by a statement which provided, 'I do not want to purchase Optional Personal Injury Protection Coverage,' and the second was followed by a statement which provided, 'I want to purchase Optional Personal Injury Protection Coverage as indicated below.' The line below the latter statement contained three boxes. To the right of each of these boxes were the aggregate benefit limits available for optional PIP coverage. They were $10,000, $25,000, or $50,000. The insured, if he or she desired to have optional PIP coverage, was to place an 'x' in the box to the left of the amount desired. Nixon put an 'x' in the box to the left of the statement 'I do not want to purchase Optional Personal Injury Protection Coverage.' *Nixon*, supra, p. 469." *Tolison v. Georgia Farm &c. Ins. Co.*, 253 Ga. 97, 99 (317 SE2d 185) (1984).

The form in the present case does not make it clear that it is an offer for the insured to purchase additional PIP. The only explana-

tion appears at the bottom of the page and says only that the applicant understands that he has been given the opportunity to select the coverage he desired as offered by the Georgia No-Fault Law. Additionally, lines 1 and 2 dealing with PIP are grouped into one section and, by instructions off to the side, the applicant is directed to check only *one*. A box is placed immediately to the right of the phrase "Mandatory $5,000. Limit (Required by Law)" contained under line 1 entitled "Basic Personal Injury Protection (PIP)." The arrangement of this form would likely induce the reasonable man or woman unfamiliar with no-fault to check the box immediately following the phrase "Required by Law." This arrangement plus the lack of any clear explanation that the applicant is being offered the opportunity to purchase (or to reject) additional PIP causes the form to not be in substantial compliance with the requirements of the statute.

Thus, the trial court erred in granting summary judgment to defendant and in denying plaintiff's motion for summary judgment on the issue of the form's compliance with the statute.

*Judgment reversed. Banke, P. J., and Sognier, J., concur.*

# APPENDIX.

STRIGGLES FORM

### SUPPLEMENT TO AUTOMOBILE APPLICATION

### GEORGIA NO FAULT COVERAGES

INSURED Bernice Young Striggles POLICY NO. RW079345

AGENT Ruby L. Davis Agency, Inc. EFFECTIVE 7-13-78 (1ah)
 Waynesboro, Georgia 30830

1. Basic Personal Injury Protection (PIP)
 Mandatory $5,000. Limit (Required by Law) ☒ Check only
 one
2. Additional Personal Injury Protection

 Selected limit
 Includes applies to
 the $10,000. ☐ all cars
 Basic $25,000. ☐ covered by
 $5,000. $50,000. ☐ the policy.

3. Collision Coverage
 Accept Reject
 Full Coverage (no Deductible)
 (Refer to application for ☐ ☒
 deductible coverages available.)

4. Comprehensive Coverage
 Accept Reject
 Full Coverage (no Deductible)
 (Refer to application for ☒ ☐
 deductible coverage available.) on /r2

5. Loss of Use Coverage
 Car #1 Car #2 Car #3 Car #4
 ☐ ☐ ☐ ☐
 (Check here for each car if you wish loss of use coverage.)

 I understand that this form has given me the opportunity to
 select the coverages I desire as offered by the Georgia No
 Fault Law.

DATE 7/13/78 SIGNATURE Bernice Striggler

DECIDED DECEMBER 5, 1989 —
REHEARING DENIED DECEMBER 20, 1989 — 

Siler & Jonap, D. Jeffrey Grate, for appellant.
Darroch & Obenshain, Robert M. Darroch, C. David Vaughan,
for appellee.