A91A0387. HANOVER INSURANCE COMPANY v. STRIGGLES.
(409 SE2d 664)

BEASLEY, Judge.

Bernice Striggles filed suit for retroactive optional PIP benefits against her automobile insurance carrier, Hanover Insurance Company, on the grounds that it had failed to obtain a valid written rejection of $45,000 in optional PIP coverage. Both sides moved for sum-

mary judgment on the sole issue of whether her signature on a 1978 accept/reject form effectuated a rejection of optional benefits. The trial court granted Hanover's motion for summary judgment, concluding that the 1978 form complied with OCGA § 33-34-5 (b) as it existed prior to the 1982 amendment. On appeal, this court reversed the trial court, holding that the 1978 form did not comply with the Code section. *Striggles v. Hanover Ins. Co.*, 194 Ga. App. 76 (391 SE2d 767) (1989).

After Hanover's petition for certiorari was denied, Striggles filed a renewed motion for summary judgment based on this court's reversal of the trial court. Hanover filed a second motion for summary judgment, contending that a prior form executed in 1974 provided its insured an opportunity to accept or reject optional benefits. Hanover also demanded summary judgment on the issue of bad faith because of the trial court's prior grant of summary judgment in its favor.

The court granted Striggles' motion for summary judgment, denied Hanover's motion for summary judgment, and reserved all issues regarding bad faith, penalty, attorney fees and punitive damages for trial.

1. The grant of summary judgment in favor of Striggles was not error.

(a) Insurer maintains that although it was aware it had two signed accept/reject forms, one in 1974 and one in 1978, upon which it could have argued rejection by the Striggles of optional benefits, it did not use the 1974 form because Striggles, when deposed, had said she did not believe the signature was her husband's. Hanover did not pursue conclusive proof that the signature was that of Mr. Striggles. Instead, it chose to rely on the 1978 form executed by Bernice Striggles. At the hearing on both parties' original motions for summary judgment, Striggles admitted that the genuineness of the 1974 signature was no longer an issue. Hanover argues that this statement by Striggles changed the evidentiary posture of the case and cleared the way, after remand, for it to seek summary judgment on the basis of the 1974 form. It relies on *Modern Roofing &c. Works v. Owen*, 174 Ga. App. 875, 876 (332 SE2d 14) (1985), where this court stated that "if subsequent to an appellate decision, the evidentiary posture of the case changes in the trial court, the law of the case rule does not limit or negate the effect that such change would otherwise mandate."

Assuming Striggles' failure to challenge the genuineness of the signature in 1988 cleared the way for Hanover currently to use the 1974 form as a basis for summary judgment, the record of *Striggles v. Hanover*, supra, shows that, prior to the second motion for summary judgment, all of Hanover's arguments were directed to showing that the 1978 form was in compliance with OCGA § 33-34-5. The 1974 form was never made the basis of any argument, although it was the

basis of a defense. OCGA § 9-11-8 (e) (2). In fact, in its brief in *Striggles*, supra, Hanover stated that the 1974 form "is *not* the basis for the rejection of optional PIP coverage in this case." Neither did Hanover use the 1974 form in its certiorari petition to the Supreme Court.

Given its specific rejection of this form as a basis for its claims, Hanover's attempts to introduce the 1974 form are somewhat like those of the appellant in *Wheeler's, Inc. v. Wilson*, 196 Ga. App. 622 (396 SE2d 790) (1990) (physical precedent), where we held: "Here there was a waiver [of a legal right by conduct]. Defendant went forward with an attack on liability, investing extensive time and money and requiring the same of its opponent, and also invoking the time and attention of three courts and eleven judges. . . . There is nothing equivocal about its actions here, which speak louder than its lament as to its late-resurrected, logically threshold defense. Its acts belie its insistence on a preliminary matter pursued only after this court has sent the case back to the trial court for trial on the merits of the plaintiff's claim." Id. at 625.

However, even if Hanover has now changed the evidentiary pool, by securing Striggles' decision in 1988 not to contest the genuineness of the signature on the 1974 form, so that Hanover can pursue its piecemeal approach with regard to summary judgment, compare OCGA § 9-11-12 (g), it still cannot prevail for the reasons which follow.

(b) The evidence demanded a finding that RW 079345 was not the same policy as ACF 559733 so that the form filled out in 1974 could not be used when the 1978 form was found deficient.

In its answer to the complaint and in its counterclaim, Hanover stated that the 1974 form related to coverage under policy No. ACF 559733 and that the 1978 form referred to policy No. RW 079345. The 1974 form pertained to $10,000 PIP coverage ($5,000 basic and $5,000 additional) while the 1978 form purported to reject all PIP coverage except $5,000 basic.

Hanover now claims that the two policies were one and the same and that it was the practice of the company to change policy numbers annually upon renewal. Rollins, an underwriting manager for Hanover, stated in affidavit that the policy number was changed annually and in this instance ACF 559733 changed to RW 079345 in June of 1977. However, in his deposition he acknowledged that he had no direct knowledge of the policy, that all his information came from review of the file, that the affidavit had been prepared by others for his signature, and that there was no evidence documenting either annual changes or the specific change of policy number in June 1977. A form in the file showed that the claims had been made on policy No. RW 079345 before June 1977. There were other forms also indicating that policy existed prior to that time. There were no initial application

forms for either policy in the file, even though Rollins testified that it was customary for Hanover to preserve such forms. He could not account for their absence.

(c) By its clear language, the 1978 form superseded any other form under the policy. The fact that it proved to be invalid would not serve to revive any antecedent form regarding PIP coverage. *Holland v. State Farm Mut. Auto. Ins. Co.*, 182 Ga. App. 405 (356 SE2d 50) (1987), is controlling; a new election of coverages even under a renewal policy is binding and eliminates a former election for PIP coverage.

2. The final issue is whether Hanover is entitled to summary judgment on the issue of bad faith.

Hanover asserts that the uncontested facts and law establish its good faith as a matter of law because of the trial court's original grant of summary judgment to it. *International Indem. Co. v. Collins*, 258 Ga. 236 (367 SE2d 786) (1988), is cited for the proposition that an insurer, as a matter of law, acts reasonably in contesting a claim for no-fault benefits where the insurer is granted summary judgment on an issue of entitlement to benefits, even if the ruling is later reversed. Hanover asserts that a decision by the trial court on its behalf is proof that the claim was not, in fact, unreasonable, because good faith has been defined as "any reasonable ground for contesting the claim," *Bituminous Cas. Corp. v. Mowery*, 145 Ga. App. 45, 54 (2) (244 SE2d 573) (1978), and penalties for bad faith are not authorized where there is a disputed question of fact or a doubtful question of law. *United States Fid. & Guar. Co. v. Woodward*, 118 Ga. App. 591, 594 (4) (164 SE2d 878) (1968).

However, this case no longer involves the reasonableness of Hanover's actions in response to the original claim on which the trial court granted Hanover summary judgment. Since that appeal Striggles sought to recover the full amount of optional PIP and Hanover interposed a further defense. Its reliance on the 1974 form raises new issues and the trial court's decision initially that Hanover should prevail is irrelevant. Any decision as to bad faith must now take into account Hanover's attempt to base further litigation on a matter it not only failed to raise but also explicitly stated was not going to be interposed as a defense to liability.

"[A]n insured is entitled to penalties and damages under OCGA § 33-34-6 (b) and (c) based solely on a late payment. *Lawson v. State Farm Mut. Auto. Ins. Co.*, 256 Ga. 285 (347 SE2d 565) (1986); *Atlanta Cas. Co. v. Jones*, 247 Ga. 238, 241 (4) (275 SE2d 328) (1981). The burden of showing good faith for a refusal to timely pay is on the insurer. *Binns v. MARTA*, 250 Ga. 847 (301 SE2d 877) (1983)." *Canal Ins. Co. v. Henderson*, 183 Ga. App. 880, 882 (1) (360 SE2d 435) (1987). "Good faith in this context requires a showing of reasonable or

probable cause for *not paying the claim on time*. (Cit.) The question of the insurer's good faith (or lack thereof) is [generally] one of fact for the jury." *Binns v. MARTA*, 168 Ga. App. 261, 262 (2) (308 SE2d 674) (1983) (certified question answered in 250 Ga. 847, 848 (301 SE2d 877) (1983)); *Hudson v. Omaha Indem. Co.*, 183 Ga. App. 847, 849 (1) (360 SE2d 406) (1987). In order to prevail the insurer must show it acted in good faith as a matter of law. *Ga. Farm Bureau Mut. Ins. Co. v. Bestawros*, 177 Ga. App. 667, 668 (1) (340 SE2d 645) (1986). As pointed out in *Binns*, supra, 168 Ga. App. at 262, a jury's determination of lack of good faith should be upheld on appeal if there is any evidence to support it. Application of this standard of review to OCGA § 33-34-6 "jury awards is consistent with the policy . . . of *encouraging prompt payment of no-fault insurance claims.*"

A jury, in considering the reasonableness of nonpayment and the procedural history of this case, could find that Hanover has failed to carry the burden of demonstrating that its refusal to pay was in good faith. See *Porter v. Felker*, 261 Ga. 421 (405 SE2d 31) (1991).

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED JUNE 19, 1991 —
RECONSIDERATION DENIED JULY 31, 1991.

*Darroch & Obenshain, Robert M. Darroch, C. David Vaughan*, for appellant.

*Siler & Jonap, Timothy A. Siler, William A. Dinges*, for appellee.

