A93A0258. HOMICK v. AMERICAN CASUALTY COMPANY.
(433 SE2d 318)

BLACKBURN, Judge.

This matter was before this court previously in *Homick v. American Cas. Co.*, 202 Ga. App. 831 (415 SE2d 669) (1992), wherein we set out the underlying facts and reversed the trial court's order granting American Casualty's motion for summary judgment on the issue of American Casualty's liability for PIP benefits. We determined that American Casualty provided a liability surety bond to Independent Freightway pursuant to OCGA § 46-7-12 (a) and, was therefore, obligated to provide coverage under the bond for the minimum no-fault coverage required under OCGA § 33-34-4. Thereafter, American Casualty exhausted its right to appeal by filing a motion for reconsideration with this court, and an application for certiorari and motion for reconsideration with the Supreme Court. Within 30 days of the denial of American Casualty's motions and application, American Casualty paid the $5,000 in PIP benefits due Homick. Next, American Casualty filed a motion for summary judgment on the issues of liability for bad faith penalties, attorney fees, and punitive damages. The trial court granted American Casualty's motion and Homick appeals.

On appeal, Homick asserts that the trial court's order granting American Casualty's motion for summary judgment was contrary to law. We disagree. Former OCGA § 33-34-6 provides for the award of penalties, attorney fees, and punitive damages where an insurer fails to pay benefits due within the time allowed *and* fails to prove that its failure to so pay was in good faith. Georgia courts have consistently held that penalties for bad faith are not authorized where there is a disputed question of fact or doubtful question of law. *Intl. Indem. Co. v. Collins*, 258 Ga. 236, 238 (367 SE2d 786) (1988); *Hanover Ins. Co. v. Striggles*, 200 Ga. App. 812 (409 SE2d 664) (1991); *Downer v. Ga. Farm Bureau Mut. Ins. Co.*, 176 Ga. App. 641 (337 SE2d 422) (1985); *U. S. Fidelity &c. Co. v. Woodward*, 118 Ga. App. 591 (164 SE2d 878) (1968).

"Ordinarily, the question of good or bad faith is for the jury, but when there is no evidence of unfounded reason for the nonpayment, or if the issue of liability is close, the court should disallow imposition of bad faith penalties. Good faith is determined by the reasonableness of nonpayment of a claim." (Citations omitted.) *Collins*, supra at 238. American Casualty's denial of the claim was reasonable, as is evidenced by the trial court's original grant of summary judgment on the issue of liability for PIP benefits. Our reversal of the original grant of

summary judgment to American Casualty on the underlying liability issues illustrates that the issue was a close one. Therefore, the trial court did not err in granting American Casualty's motion for summary judgment on the issues of bad faith penalties, attorney fees, and punitive damages.

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED JUNE 8, 1993 —
RECONSIDERATION DENIED JUNE 24, 1993 — 

*W. Douglas Adams*, for appellant.

*Fendig, McLemore, Taylor & Whitworth, Philip R. Taylor, James B. Durham*, for appellee.